INTERNATIONAL UNION OF OPERAT-
ING ENGINEERS, A. F. OF L., LOCAL
NO. 148 v. INTERNATIONAL UNION OF
OPERATING ENGINEERS, A. F. OF L.,
LOCAL NO. 2 et al.

No. 13878.

United States Court of Appeals
Eighth Circuit.

March 31, 1949.

Robert Kratky, of St. Louis, Mo. (Bartley & Bartley, of St. Louis, Mo., on the brief), for appellant.

Mozart G. Ratner, Atty., National Labor Relations Board, of Washington, D. C. (David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Norton J. Come, Atty. National Labor Relations Board, all of Washington, D. C., on the brief), for appellee, National Labor Relations Board.

George B. Logan, of St. Louis, Mo. (J. Terrell Vaughan, Bourne Bean and Cobbs, Logan, Armstrong, Teasdale & Roos, all of St. Louis, Mo., on the brief), for appellee, Laclede Gas Light Co.

Morris J. Levin, of St. Louis, Mo., for appellee, United Gas, Coke & Chemical Workers of America, C. I. O., Local No. 6.

Before SANBORN, RIDDICK, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The District Court, on August 31, 1948, dismissed, for failure to state a claim upon which relief could be granted, a complaint filed by the International Union of Operating Engineers, A. F. of L., Local No. 2, and a cross-complaint filed by the International Union of Operating Engineers, A. F. of L., Local No. 148. Both the complaint and the cross-complaint sought to enjoin the holding of an election among the employees of the Laclede Gas Light Company, of St. Louis, Missouri. This election had been ordered by the National Labor Relations Board in a representation proceeding pursuant to § 9(c) of the National Labor Relations Act, as amended, 61 Stat. 136, 144, 29 U.S.C.A. § 159(c), for the purpose of determining whether the employees desired to be represented, for purposes of collective bargaining, by United Gas, Coke and Chemical Workers of America, C. I. O., Local No. 6, or by the appellant, International Union of Operating Engineers, A. F. of L., Local No. 148. International Union of Operating Engineers, A. F. of L., Local No. 2, the plaintiff in the court below, did not appeal and is a nominal appellee. The appeal is by A. F. of L. Local No. 148, which asserts that its cross-complaint stated a claim for relief of which the District Court had jurisdiction, and that it erred in dismissing the cross-complaint.

It seems so apparent to us that the District Court was without power or authority to interfere in any way with the representation proceeding being conducted by the

National Labor Relations Board for the purpose of determining which union was entitled to represent the employees of the Laclede Gas Light Company that we shall make no attempt to state the facts in complete detail.

The Laclede Gas Light Company, which furnishes gas in the City of St. Louis, on March 1, 1947, acquired the property and facilities of the St. Louis County Gas Company, which furnished gas within St. Louis County. At the time the Laclede Gas Light Company acquired the facilities of the St. Louis County Gas Company, the bargaining representative of the employees of the latter was A. F. of L. Local No. 148, while the bargaining representative of the employees of the Laclede Gas Light Company was C. I. O. Local No. 6. The membership of A. F. of L. Local No. 148 was approximately three hundred, and the membership of C. I. O. Local No. 6 was about eight hundred. A. F. of L. Local No. 148 had a collective bargaining agreement terminable by notice. C. I. O. Local No. 6 also had a collective bargaining agreement, under which it claimed to be entitled to represent all of the employees of the Laclede Gas Light Company. As a result of the merger of the facilities of the two gas companies, the Laclede Gas Light Company found itself to be the employer of two groups of employees belonging to rival unions, one of which sought to preserve, and the other to augment, its membership and bargaining power. The Laclede Gas Light Company, after notifying A. F. of L. Local No. 148 that its contract was terminated because of the conflicting claim of C. I. O. Local No. 6, petitioned the National Labor Relations Board to ascertain the bargaining representative for the company's employees.

The Board was confronted with the problem of determining whether the appropriate unit for collective bargaining was the entire group of the company's employees or the two groups, one in the City and the other in the County. After due notice and a hearing, the Board first reached the conclusion that if the employees in the County desired to be represented by A. F. of L. Local No. 148, it should continue to be their representa-tive. The Board directed that an election be held to determine whether the employees in the County wished to retain that representation or preferred to merge with the employees in the City. Upon motions of the Laclede Gas Light Company and C. I. O. Local No. 6, the Board reconsidered its conclusion and direction, and on April 27, 1948, decided that the factors "in favor of a single Employer-wide bargaining unit" outweighed opposing factors, and determined that all the employees of the employer (with the exception of certain categories) constituted a unit appropriate for the purposes of collective bargaining within the meaning of § 9(b) of the National Labor Relations Act. The Board directed that an election be held on August 31, 1948, to determine whether the employees in the unit designated by the Board desired to be represented by C. I. O. Local No. 6, by A. F. of L. Local No. 148, or by neither.

A. F. of L. Local No. 2, on August 16, 1948, filed its complaint against A. F. of L. Local No. 148, C. I. O. Local No. 6, the Laclede Gas Light Company, and the National Labor Relations Board, charging that the Board had illegally included in the unit involved in the election certain operating engineers for whom the plaintiff was the bargaining representative; that the plaintiff had filed on May 3, 1948, with the Board, a petition for representation, and on August 11, 1948, an amended petition; that these petitions were still pending; and that the election directed by the Board would wrongfully jeopardize and impair the continued existence of the plaintiff as a bargaining agency for its members. The complaint set forth the proceedings of the Board leading up to the direction of the election.

On August 27, 1948, A. F. of L. Local No. 148 filed its answer and cross-complaint, admitting that the proceedings had before the Board were as stated in the complaint, and asserting that Local No. 148 had objected to the order of the Board and had exhausted its remedies before the Board; that the order of the Board made on April 27, 1948, was illegal, capricious, arbitrary and tyrannical, and should be set aside as violative of the rights of Local

No. 148 and of its members; and that the election directed by the Board should be enjoined.

All that this amounted to, as we see it, is that A. F. of L. Local No. 148,—having lost its controversy with C. I. O. Local No. 6, before the Board, in regard to the appropriate bargaining unit and being faced with an election which, because of numerical inferiority, it (A. F. of L. Local No. 148) could not win,—sought the aid of the District Court to halt the Board's representation proceeding before that proceeding was concluded.

No useful purpose can be served by a discussion of the reasons why a District Court may not enjoin an election such as that directed by the National Labor Relations Board in this case. The subject is adequately covered by the opinions in Inland Empire Dist. Council v. Mills, 325 U. S. 697, 65 S.Ct. 1316, 89 L.Ed. 1877, and Madden v. Brotherhood and Union of Transit Employees of Baltimore, 4 Cir., 147 F.2d 439, 158 A.L.R. 1330. The problem of determining the appropriate unit for purposes of representation and collective bargaining has been intrusted by Congress to the Board, and not to the courts. Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, affirmed 313 U.S. 146, 61 S.Ct. 908, 85 L. Ed. 1251. The election here sought to be enjoined was merely a step in the Board's administrative representation proceeding, an interlocutory step with which a federal court will not, and cannot interfere. Madden v. Brotherhood and Union of Transit Employees of Baltimore, supra, 147 F.2d 439, at page 445, 158 A.L.R. 1330.

Section 10 of the Administrative Procedure Act, 60 Stat. 237, 243, 5 U.S.C.A. § 1001 et seq., upon which the appellant relies, is expressly inapplicable to the instant case,[1] since the Board's action in calling for an election was by law committed to its discretion, was not subject to review, and was not final.

The arguments of appellant as to the injustice of precluding rival labor unions from obtaining a judicial review of adverse rulings of the Board in representation proceedings "are arguments to be addressed to Congress and not the courts." American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 411-412, 60 S.Ct. 300, 305, 84 L.Ed. 347.

It is unnecessary to consider whether the District Court for other reasons lacked jurisdiction to grant the relief prayed for.

The order appealed from is affirmed.

---

[1] "Sec. 10. Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—

"(a) Right of Review.—Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.
* * * * * *

"(c) Reviewable Acts.—Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action.
* * * "