**Ruth DE PRATTER et al.,**
**Appellants,**

v.

**Guy FARMER et al., individually and as Chairman and Members of the National Labor Relations Board, Appellees.**

**No. 12874.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 10, 1956.

Decided Feb. 2, 1956.

Mr. Cody Fowler, of the bar of the Supreme Court of Florida, Miami, Fla., pro hac vice, by special leave of Court, with whom Mr. David C. Bastian, Washington, D. C., was on the brief, for appellants. Mr. John M. Lynham, Washington, D. C., also entered an appearance for appellants.

Mr. Norton J. Come, Atty., National Labor Relations Board, Messrs. Marcel Mallet-Prevost, Asst. Gen. Counsel., and Robert G. Johnson, Atty., National Labor Relations Board, were on the brief, for appellees.

Before EDGERTON, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

The appellants are employees of the Shoreline Enterprises of America and Shoreline Packing Company. They brought this suit in the District Court to enjoin the National Labor Relations Board from certifying the International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America, C. I. O., as bargaining representative for a unit of the Company's employees. The complaint alleges that the Union and the employer entered into a "Stipulation for Certification upon Consent Election"; that a Board representative insisted that they also agree upon the list of employees included within the bargaining unit and therefore eligible to vote; that the employer's attorney, relying on the Union agent's representation that he was familiar with the duties of the various employees, agreed that appellants DePratter, Traina, Mobley and Diaz were not eligible and as a result they either did not attempt to vote or were turned away when they attempted to do so; that appellant Miller's vote was challenged by a Union observer and not counted; that out of 114 votes cast at the election, there were 58 votes for the Union, 55 votes against the Union and one vote challenged; that since all five appellants wished to vote against the Union, the Board's denial of their right to vote "as provided by law and the Constitution of the United States" was "illegal and arbitrary action" which resulted in the election of the Union as exclusive bargaining agent.

Appellees filed a motion to dismiss the complaint, or in the alternative for summary judgment. The District Court granted the motion to dismiss on the grounds that the court is without jurisdiction (1) to review a representation proceeding under § 9 of the National Labor Relations Act,[1] and (2) appellants failed to exhaust their administrative remedies.

In connection with the latter ground, the following is pertinent. Before instituting this suit, appellants DePratter, Mobley, Traina and Diaz filed a motion to intervene in the representation proceedings before the Board so that they might join the employer in objecting to the Regional Director's recommendation. The Regional Director had recommended that these appellants be held ineligible to vote since they were excluded from the bargaining unit agreed to by the employer and the Union. This suit, however, was begun without awaiting the Board's decision thereon. It was not until after the District Court had dismissed this action that the Board rendered its decision. It permitted intervention but concluded that the agreement of the employer and the Union to exclude the intervenors from the bar-

1. 49 Stat. 453 (1935), as amended, 61 Stat. 143 (1947), 29 U.S.C. § 159.

gaining unit was controlling with respect to appellants' right to vote in the election.

We need not decide whether appellants' failure to exhaust their administrative remedy before institution of this suit requires affirmance of the dismissal below, since it is clear in any event that the District Court is without jurisdiction to review the instant § 9 representation proceedings.

The judicial review provisions of the National Labor Relations Act do not extend to such proceedings.[2] Before we can decide whether these proceedings are reviewable in an original equity suit in the District Court, there must be a showing "of unlawful action by the Board and resulting injury * * * by way of departure from statutory requirements or from those of due process." Inland Empire District Council, etc. v. Millis, 1945, 325 U.S. 697, 700, 65 S.Ct. 1316, 1318, 89 L.Ed.

1877. We think no such showing has been made here. Unlike Farmer v. United Electrical Workers, 1953, 93 U.S. App.D.C. 178, 211 F.2d 36, certiorari denied, 1954, 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091, it cannot be said that the Board's action—here a determination of the appropriate bargaining unit—was "plainly beyond the scope of [its] statutory authority * * *."[3] The contrary is true. The unit resulting from the Board's action consists of employees who work full time at production work and excludes employees who—like at least four of the appellants—spend part of their time at production work and part at other tasks. It is within the Board's discretion to approve such a unit in a consent election.

The judgment of the District Court dismissing appellants' complaint is, therefore,

Affirmed.

2. American Federation of Labor v. National Labor Relations Board, 1940, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; Norris, Inc. v. National Labor Relations Board, 1949, 85 U.S.App.D.C. 106, 177 F.2d 26; Millis v. Inland Empire District Council, 1944, 79 U.S.App.D.C. 214, 144 F.2d 539, affirmed on other grounds, 1945, 325 U.S. 697, 65 S. Ct. 1316, 89 L.Ed. 1877; Reilly v. Millis, 1944, 79 U.S.App.D.C. 171, 144 F.2d 259, certiorari denied 1945, 325 U.S. 879, 65 S.Ct. 1566, 89 L.Ed. 1995; International Union, Local No. 148 v. International Union, Local No. 2, 8 Cir., 1949, 173 F.2d 557; Fitzgerald v. Douds, 2 Cir., 1948, 167 F.2d 714, 716; Madden v. Brotherhood and Union of Tr. Employees, 4 Cir., 1945, 147 F.2d 439, 158 A.L.R. 1330; cf. Fay v. Douds, 2 Cir., 1949, 172 F.2d 720.

3. 93 U.S.App.D.C. at page 182, 211 F.2d at page 40.