249 F.2d 490
 101 U.S.App.D.C. 398
 Boyd S. LEEDOM et al., individually and as Chairman and
Members of and Constituting the National Labor
Relations Board, Appellants,
v.
William KYNE, individually and as President of Buffalo
Section, Westinghouse Engineers, Association,
Engineers and Scientists of America, a
voluntary unincorporated Labor
Organization, Appellee.
 No. 13701.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 13, 1957.
Decided Sept. 16, 1957.
 
 Mr. Norton J. Come, Attorney, National Labor Relations Board, with whom Messrs. Stephen Leonard, Associate General Counsel, National Labor Relations Board, and Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, were on the brief, for appellants.
 Mr. Jonas Silver, New York City, with whom Mr. Bernard Dunau, Washington, D.C., was on the brief, for appellee. Mr. Samuel H. Jaffee, Washington, D.C., also entered an appearance for appellee.
 Mr. Milton F. Lunch, Washington, D.C., filed a brief on behalf of National Society of Professional Engineers, as amicus curiae, urging affirmance.
 Messrs. Gerard D. Reilly and Joseph C. Wells, Washington, D.C., filed a brief on behalf of Engineers, Joint Council, as amicus curiae, urging affirmance.
 Before BAZELON, BASTIAN and BURGER, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 Appellee, President of the Westinghouse Engineers Association,[1] brought this suit against appellant members of the National Labor Relations Board to set aside a certification under 9 of the National Labor Relations Act, 29 U.S.C.A. 159. The unit certified consisted of 233 admittedly professional employees, within the meaning of 2(12) of the Act, 29 U.S.C.A. 152(12), whom the Engineers Association had sought to represent; and 9 others, admittedly non-professional, whom the Board included, over objection of the Engineers, Association, because they share a 'close community of employment interest' with the professionals and their inclusion would not 'destroy the predominantly professional character' of the unit. The District Court, however, agreed with the Engineers' Association that inclusion of these non-professionals violated 9(b) which provides, in pertinent part, 'that the Board shall not (1) decide that any unit is appropriate for (purposes of collective bargaining) if such unit includes both professional employees and employees who are not professional employees unless a majority of such professional employees vote for inclusion in such unit.' Accordingly, on cross motions, the court granted summary judgment in favor of appellee and against appellants.
 
 
 2
 On this appeal, as in the court below, the Board takes the familiar position that, under 9(d), its determinations in representation proceedings are reviewable only in the courts of appeals and only when they have become the basis for a 'final order' in an unfair labor practice proceeding under 10, 29 U.S.C.A. 160. It relies heavily on Switchmen's Union v. National Mediation Board, 1943, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61.
 
 
 3
 'Before we can decide whether these proceedings are reviewable in an original equity suit in the District Court, there must be a showing 'of unlawful action by the Board and resulting injury * * * by way of departure from statutory requirements or from those of due process.' Inland Empire District Council, etc. v. Millis, 1945, 325 U.S. 697, 700, 65 S.Ct. 1316, 1318, 89 L.Ed. 1877.' DePratter v. Farmer, 1956, 98 U.S.App.D.C. 74, 76, 232 F.2d 74, 76. Equitable relief is clearly barred in the wide area of determinations which depend on the Board's expertise and discretion; as for example, in Switchmen's Union, that railroad yardmen should be included in a unit with certain other smaller groups of railroad employees, or, in DePratter, that full time production employees should be included in a unit with employees who devote only part time to production and the rest to other tasks.
 
 
 4
 This case, however, presents 'a different 'type of problem."[2] Section 9(b)(1) expressly forbids inclusion of professionals and non-professionals in the same bargaining unit 'unless a majority of (the) professional employees vote for inclusion in such unit.' It is clear that this provision was intended to protect the professionals; that the professionals' right to this benefit does not depend on Board discretion or expertise; and that denial of this right must be deemed to result in injury. Thus this case presents Board violation of a statutory requirement and resulting injury.
 
 
 5
 Whether, granting the availability of a 10 remedy, the injury flowing from the violation of 9(b)(1) would support equitable relief need not be decided. Here review by way of 10 is too remote and conjectural to be viewed as providing as adequate remedy. Farmers v. United Electrical, Radio & Machine Workers, 1953, 93 U.S.App.D.C. 178, 211 F.2d 36. Since the employer is not aggrieved by the Board's inclusion of the nine non-professionals, he cannot be relied upon to refuse to bargain and thus make it possible for the Association to bring a reviewable 10 proceeding. Nor is it likely that an Engineers, Association refusal to bargain for the nine non-professionals would induce the employer to seek review since he would then be free to deal with all employees individually. Nor could we expect such refusal to induce any of the nine non-professionals to seek review. They are hardly likely to insist upon placing their fate in the hands of a reluctant bargaining representative.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The full name of this organization is Buffalo Section, Westinghouse Engineers Association, Engineers and Scientists of America
 
 
 [2]
 Air Line Dispatchers Ass'n v. National Mediation Board, 1951, 89 U.S.App.D.C. 24, 27, 189 F.2d 685, 688; see also Farmer v. United Electrical, Radio & Machine Workers, 1953, 93 U.S.App.D.C. 178, 211 F.2d 36, certiorari denied, 1954, 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091; Leedom v. International Union, 1956, 352 U.S. 145, 77 S.Ct. 154, 1 L.Ed. 201