265 F.2d 101
 105 U.S.App.D.C. 117
 NATIONAL BISCUIT DIVISION (BISCUIT COUNCIL, BAKERY AND
CONFECTIONERY WORKERS' INTERNATIONAL UNION OF AMERICA) As
bargaining agent and contractual representative of certain
employees of the National Biscuit Company, Appellant,
v.
Boyd LEEDOM, Chairman, et al., individually and as members
of the National Labor Relations Board, Appellees.
 No. 14576.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 19, 1958.
Decided Jan. 29, 1959, Certiorari Denied June 1, 1959, See
79 S.Ct. 1151.
 
 Mr. Abraham J. Harris, Washington, D.C., with whom Messrs. John V. Long and James H. Heller, Washington, D.C., were on the brief, for appellant.
 Mr. Norton J. Come, Deputy Asst. Gen. Counsel, National Labor Relations Board, with whom Messrs. Jerome D. Fenton, Gen. Counsel, National Labor Relations Board, Thomas J. McDermott, Associate Gen. Counsel, National Labor Relations Board, and Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, were on the brief, for appellees.
 Messrs. Henry Kaiser, Isaac N. Gronger and Stephen I. Schlossberg, Washington, D.C., filed a brief on behalf of American Bakery and Confectionery Workers' International Union, AFL-CIO, as amicus curiae, urging affirmance.
 Before REED, Associate Justice of the Supreme Court, retired,* BAZELON and FAHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, a division of the Biscuit Council, Bakery and Confectionery Workers' International Union of America (hereinafter called BCW), is the bargaining representative for a group of locals in plants of the National Biscuit Company. It negotiated a series of master agreements with the Company, the last expiring on August 31, 1959. In December 1957, however, the BCW was expelled from the AFL-CIO for failure to eliminate certain corrupt practices. Thereafter various locals voted to disaffiliate and joined with the American Bakery and Confectionery Workers (hereinafter called ABC), a new international union chartered by the AFL-CIO. The new locals filed petitions with the National Labor Relations Board under 9(c) of the National Labor Relations Act[1] for new and separate elections at each plant. Hearings were held in which appellant urged that the current master agreement barred the elections sought and that separate plant units were inappropriate for bargaining. The Board concluded, however, that the schism within and disaffiliation from appellant had so unstabilized the existing bargaining relationship as to warrant the elections sought. The Board, on June 30, 1958, therefore ordered elections in five of the plants.
 
 
 2
 On July 10, 1958, appellant brought this suit in the District Court against appellees, the Chairman and Members of the National Labor Relations Board, to declare the Board's action unlawful and for injunctive relief. Appellees immediately moved to dismiss on the ground, in substance, that the court was without jurisdiction because Board action in 9 proceedings is reviewable only in the Court of Appeals and only when such action is the basis for a 'final order' in an unfair labor practice proceeding under 10 of the Act, 29 U.S.C. 160.
 
 
 3
 The sum of appellees' argument was that the challenged action fell within 'the wide area of determinations which depend on the Board's expertise and discretion'[2] and was therefore controlled by our decision in De Pratter v. Farmer.[3] Appellant, on the other hand, urged that the Board went beyond the area of its expertise and discretion and produced the sort of 'unlawful action * * * and resulting injury(,) * * * by way of departure from statutory requirements or from those of due process * * *,'[4] for which we granted relief in Leedom v. Kyne, 1957, 101 U.S.App.D.C. 398, 249 F.2d 490, affirmed 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210. The Board, said appellant, favored the AFL-CIO as against appellant's independent union in violation of the express command of 9(c)(2) of the Act which provides:
 
 
 4
 'In determining whether or not a question of representation affecting commerce exists, the same regulations and rules of decision shall apply irrespective of the identity of the persons filing the petition or the kind of relief sought * * *.'
 
 
 5
 The District Court held that the Board's determination that the elections were warranted in the interest of stable bargaining relationships was within allowable limits of the Board's discretion and was not prohibited by 9(c)(2). Accordingly, it dismissed the suit on July 17, 1958. This appeal was brought the same day and a request was made for a stay of the elections pending appeal. We denied the request.
 
 
 6
 Upon consideration of the appeal, we conclude that the District Court was clearly right.
 
 
 7
 Affirmed.
 
 
 
 *
 Sitting by designation pursuant to the provisions of 28 U.S.C. 294(a)
 
 
 [1]
 49 Stat. 453 (1935), as amended, 29 U.S.C. 159(c) (1952)
 
 
 [2]
 Leedom v. Kyne, 1957, 101 U.S.App.D.C. 398, 399, 249 F.2d 490, 491, affirmed 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210
 
 
 [3]
 1956, 98 U.S.App.D.C. 74, 232 F.2d 74
 
 
 [4]
 Inland Empire District Council, Lumber and Sawmill Workers Union, Lewiston, Idaho v. Millis, 1945, 325 U.S. 697, 700, 65 S.Ct. 1316, 1318, 89 L.Ed. 1877