NAVAJO TRIBE, a Treaty Tribe of
Indians et al., Appellants
v.
NATIONAL LABOR RELATIONS
BOARD et al., Appellees.

No. 15735.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 18, 1960.

Decided March 2, 1961.

Mr. Joseph F. McPherson, Los Angeles, Cal., with whom Messrs. Norman M. Littell and Charles J. Alexander, Washington, D. C., were on the brief, for appellants.

Mr. Duane B. Beeson, Atty., N. L. R. B., of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Messrs. Stuart Rothman, Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, N. L. R. B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., and Herman M. Levy, Atty., N. L. R. B., were on the brief, for appellee N. L. R. B. Mr. Russell Specter, Atty., N. L. R. B., also entered an appearance for appellee N. L. R. B.

Mr. Joseph M. Stone, Washington, D. C., with whom Mr. Robert J. Connerton, Washington, D. C., was on the brief, for appellee International Hod Carriers', Building and Common Laborers' Union of America, AFL-CIO.

Mr. David E. Feller, Washington, D. C., with whom Mr. Jerry D. Anker, Washington, D. C., was on the brief, for appellee United Steelworkers of America.

Messrs. J. Albert Woll, Robert C. Mayer, and Theodore J. St. Antoine, Washington, D. C., were on the brief for appellee International Union of Operating Engineers, AFL-CIO.

Mr. Alfred A. Colby, Washington, D. C., entered an appearance for appellee Texas-Zinc Minerals Corp.

Before MAGRUDER, Senior United States Circuit Judge for the First Circuit,* and PRETTYMAN and WASHINGTON, Circuit Judges.

* Sitting by designation pursuant to Sec. 294(d), Title 28 U.S.Code.

WASHINGTON, Circuit Judge.

This case presents the question whether the Navajo Tribe of Indians is entitled to an injunction preventing the National Labor Relations Board from holding a representation election in a mining plant located on the Navajo Reservation. Suit seeking that relief was brought in the District Court by the Tribe and one of its members against the Labor Board, its members, and three interested unions. The corporation owning the plant intervened as a party plaintiff. Plaintiffs moved for a preliminary injunction; defendants moved for dismissal of the complaint. The court granted the defendants' motion and denied that of the plaintiffs. This appeal followed.

The District Court's principal findings of fact are as follows:

"1. Plaintiff-intervenor Texas-Zinc Minerals Corporation operates a uranium concentrate mill at Mexican Hat, Utah within the Navajo reservation and annually ships materials in excess of $5,000,000 in value from the Company's plant to the Atomic Energy Commission's receiving station in Colorado. This Company is party to a twenty-five year lease with plaintiff Navajo Tribe covering the land on which the mill is located, which lease was executed in 1956. About 87 persons, of whom 47 are members of the Navajo Tribe and 40 are non-Indians, are employed at the mill.

"2. On May 12, 1959, the United Steelworkers of America, AFL-CIO filed a petition with the Board under Section 9(c) of the National Labor Relations Act requesting that an election be held to determine whether the Texas-Zinc Minerals Corporation's employees wished to be represented by it for collective bargaining purposes.

"3. At the representation hearing before the Board, the Navajo Tribe intervened specially for the purpose of contesting the Board's jurisdiction in the proceeding. The

Company, the Steelworkers, and two other unions which intervened in the case, International Union of Operating Engineers, AFL-CIO and International Hodcarriers, Building and Common Laborers Union of America, participated at the hearing.

"4. On February 11, 1960, the Board issued its Decision and Direction of Election in which it determined that the Board has jurisdiction under the Act to administer its provisions with respect to interstate businesses located on the Navajo reservation, and particularly that the Board had such jurisdiction in the case before it, and directed that a representation election be held as requested by the Steelworkers' petition.

"5. On March 23, 1960, plaintiff instituted the instant suit for the purpose of enjoining the Board from conducting a representation hearing. The gravamen of the complaint is that the Board lacks jurisdiction to conduct an election because (1) the Navajo Tribe has plenary authority of self-government with respect to the members of its Tribe and as to all activity conducted upon its reservation, except to the extent that the federal government has expressly limited such authority, and that pursuant to its power of self-government the Tribe has enacted resolutions forbidding all unionization activities on its reservation, and (2) the National Labor Relations Act was not intended to apply to commerce with an Indian Tribe or to interstate commerce resulting from business activities located on an Indian reservation, nor did Congress exercise its constitutional power in the National Labor Relations Act to regulate commerce 'with the Indian tribes.'

"Following the filing of the complaint Texas-Zinc Minerals Corporation filed a motion to intervene as plaintiff, and attached thereto its

proposed complaint in which it requested, in its prayer for relief, only that the representation election be enjoined until final judicial determination of the issues raised by the pleadings in the proceeding before this Court."

The District Court also stated the following conclusions of law:

"1. The operations of Texas-Zinc Minerals Corporation's plant located on the Navajo Tribe's reservation, as described in the complaint herein, affect interstate commerce within the meaning of the National Labor Relations Act.

"2. The provisions of the National Labor Relations Act, including *inter alia* the provisions which authorize the Board to conduct representation proceedings, are applicable to the Texas-Zinc Minerals Corporation plant involved in this case, and the Board is accordingly authorized to entertain the petition described in the complaint herein for a representation election among the employees of such plant.

"3. The complaints of plaintiffs Navajo's Tribe and intervenor Texas-Zinc Minerals Corporation fail to state claims warranting relief."

The quoted findings of fact by the District Court are not substantially questioned by appellants. The conclusions of law, however, are vigorously assailed. Appellants' central contentions are that

under the Treaty of June 1, 1868, 15 Stat. 667, between the Navajo Tribe and the United States, the Tribe has broad powers of self government, including the right to exclude outsiders; [1] that the decision of the Tribal Council to prevent union activity on its Reservation was within its authority; and that the National Labor Relations Act should not be construed in a way which would conflict with the Treaty and the Tribe's rights under it.

Forceful as these contentions are, we are constrained to disagree. When the Treaty of 1868 was adopted, tribal control of such labor problems as may then have existed on the Tribal Reservation may well have been expected, at least to the exclusion of interference by the several States.[2] Since then, however, Congress has adopted a national labor policy, superseding the local policies of the States and the Indian tribes, in all cases to which the National Labor Relations Act applies. Here, the Act clearly applies to the Texas-Zinc Minerals Corporation, the employer-intervenor, because it is engaged in the production of goods for interstate commerce, and labor disputes in its plant would clearly "affect commerce" within the meaning of the Act.[3] The circumstance that the Corporation's plant is located on the Navajo Reservation cannot remove it or its employees—be they Indians or not—from the coverage of the Act. Compare Cherokee Nation v. Southern Kansas Ry. Co., 1890, 135 U.S. 641, 656, 10 S.Ct. 965, 34 L.Ed. 295; Federal Power Commission v.

1. The Treaty provision mainly relied on by appellants is the following:
"The United States agrees that [the Reservation] * * * shall be, and the same is hereby, set apart for the use and occupation of the Navajo tribe of Indians, and for such other friendly tribes or individual Indians as from time to time they may be willing, with the consent of the United States, to admit among them; and the United States agrees that no persons except those herein so authorized to do, and except such officers, soldiers, agents, and employés of the government, or of the Indians, as may be authorized to enter

upon Indian reservations in discharge of duties imposed by law, or the orders of the President, shall ever be permitted to pass over, settle upon, or reside in, the territory described in this article." 15 Stat. 668.

2. Compare Worcester v. Georgia, 1832, 6 Pet. 515, 31 U.S. 515, 8 L.Ed. 483; Williams v. Lee, 1959, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251.

3. The Tribe contests this, but we think it is plainly mistaken, in view of Finding of Fact No. 1 quoted above, not here disputed. See Sections 9(c), 2(6) and 2(7) of the Act.

Tuscarora Indian Nation, 1960, 362 U.S. 99, 80 S.Ct. 543, 4 L.Ed.2d 584.[4]

 The Tribe says that Congress in the National Labor Relations Act did not rely on, or purport to exercise, its power to regulate commerce "with the Indian Tribes," Constitution, Article I, Section 8, Clause 3, and that hence such commerce remains unregulated by the Act. But it is doubtful that commerce with an Indian tribe is involved in this case at all.[5] The Board regulates labor disputes affecting interstate commerce, and the Act authorizes it to do so without stating any exception which would preclude its acting with respect to a plant located within an Indian reservation, or one employing Indians. Congress need not cite or purport to rely on all its powers, when reliance on a single power is ample to sustain its mandate. Nor is its failure to mention its power over commerce with the Indian tribes any indication that it intended to narrow its action with respect to interstate commerce in the manner suggested by appellants.

We conclude that the Board had jurisdiction to enter its challenged order, directing an election. Questions as to the wisdom of the Board in entering the order are not for the courts to decide, and we express no opinion about them. The judgment of the District Court [6] will be

Affirmed.

---

4. The decision in Elk v. Wilkins, 1884, 112 U.S. 94, 5 S.Ct. 41, 28 L.Ed. 643, whatever its present-day significance, certainly does not operate to remove "Indians and their property interests" from the coverage of a general statute. See Federal Power Commission v. Tuscarora Indian Nation, 362 U.S. at page 116, 80 S.Ct. at page 553. The National Labor Relations Act is a general statute. Its jurisdictional provisions, and its definitions of "employer," "employee," and "commerce" are of broad and comprehensive scope.

5. Compare United States v. Forty-Three Gallons of Whiskey, 1876, 3 Otto 188, 93 U.S. 188, 23 L.Ed. 846; United States v. Holliday, 1865, 3 Wall. 407, 70 U.S. 407, 18 L.Ed. 182; Ex parte Webb, 1912, 225 U.S. 663, 32 S.Ct. 769, 56 L.Ed. 1248.

6. No party to this appeal contends that the District Court lacked jurisdiction over the litigation. Since the suit was one which challenged the Board's determination as being in excess of the Board's powers, and a justiciable question of statutory construction was raised, jurisdiction clearly existed. See Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 110.