**CONSOLIDATED EDISON COMPANY OF NEW YORK, Inc., Plaintiff,**

v.

**Ivan C. McLEOD, Regional Director for the Second Region of the National Labor Relations Board, Defendant.**

United States District Court
S. D. New York.
Feb. 7, 1962.

Whitman, Ransom & Coulson, New York City, for plaintiff (John A. Pateracki, Jr., Pincus M. Berkson and Kevin Thomas Duffy, New York City, of counsel).

Stuart Rothman, Dominick L. Manoli, Marcel Mallet-Prevost and James C. Paras, N. L. R. B., Washington, D. C., and Samuel Kaynard, Regional Atty., N. L. R. B., Region 2, New York City, for defendant.

RYAN, Chief Judge.

Consolidated Edison Company of New York, Inc., invoking federal jurisdiction under Section 1337 of Title 28, United States Code, has filed this suit to permanently enjoin the Regional Director for the Second Region of the National Labor Relations Board from conducting a representative election among certain of plaintiff's employees and from carrying out an Order of Election of the Board made August 30, 1961 and a Supplemental Order of December 8, 1961.

Consolidated Edison now has moved for an order temporarily enjoining, pending the final determination of this suit, the carrying out of these orders and the holding of an election.

Contending that the Court is without jurisdiction over the subject matter, that the suit is premature and that the complaint fails to state a claim upon which relief may be granted, the Regional Director has cross-moved for dismissal of the complaint.

Consolidated Edison is a New York public utility corporation supplying electrict power, gas and steam to consumers in the City of New York and in parts of Westchester County.

Defendant, as Director for the Second Region of the Board, is charged with carrying out in that region the orders of the Board (Labor Management Relations Act, Chapter 7 of Title 29, U.S.C.A.).

Utilities Worker's Union of America, AFL-CIO (hereinafter "U.W.U.A.") is a labor organization, which, by virtue of a collective bargaining contract and a system-wide certification by the Board, in Case No. 2–R–5938, is the exclusive representative for the physical and clerical employees on the weekly payroll of Consolidated Edison with the exception of those workers employed at its Staten Island facilities who, since 1950, have been exclusively represented by the International Brotherhood of Electrical Workers.

Transport Workers Union, AFL-CIO (hereinafter "T.W.U."), is a labor organization recognized by the New York City Transit Authority (hereinafter "Transit Authority") as bargaining representative for the operating and maintenance workers in its employ.

It is local history that on April 30, 1959, Consolidated Edison purchased three power plants owned by the City of New York and operated by the Transit Authority. The agreement of acquisition provided that Consolidated Edison would take possession of the plants on August 1, 1959, and that, on that date, the employees of the Transit Authority in the acquired plants who had not signified a contrary wish would be placed on the Consolidated Edison's payroll. Consolidated Edison did then take possession and control of the three plants and did employ, pursuant to the contract of sale, a total of 1226 former Transit Authority employees. Prior to their employment by Consolidated Edison, the operating and maintenance employees in the three former Transit Authority plants have been represented by T.W.U.

Between the acquisition date of August 1, 1959 and August 30, 1961 (the last date on which figures have been made available by Consolidated Edison), 249 of these former Transit Authority employees have been transferred from the three plants to other operations of Consolidated Edison and 360 have voluntarily left Consolidated Edison's employ to resume Civil Service status. Consolidated Edison's records as of August 30, 1961 indicate that a total of 618 of the original 1226 former Transit Authority employees placed on the Consolidated Edison's payroll on August 1, 1959, are still employed at the three purchased plants.

It also appears that on June 16, 1959, Consolidated Edison filed an application with the Board for a Clarification of Certification of Representatives in Case No. 2–R–5938, seeking the inclusion under that certification of the former Transit Authority employees of the three purchased power plants whom Consolidated Edison had since employed. Following this and on July 14, 1959, T.W.U. filed for Clarification of Representatives in Case No. 2–RC–10121, seeking a bargaining unit covering all production and maintenance employees in the former Transit Authority plants, excluding guards, supervisory, administrative and clerical personnel. U.W.U.A. was permitted to intervene. The two representative cases (No. 2–R–5938 and 2–RC–10121) were simultaneously heard and determined. At the hearing, Consolidated Edison contended that the former Transit Authority employees constituted an accretion to the existing system-wide bargaining unit as a matter of law and that therefore U.W.U.A. was the proper bargaining representative for these employees.

While these representative proceedings were pending, T.W.U. on September 18, 1959 and on November 6, 1959 filed charges against Consolidated Edison; on November 12, 1959 the Board issued a formal complaint (Case No. 2–CA–6894) charging that Consolidated Edison had committed an unfair labor practice by permitting agents of U.W.U.A. access to the former Transit Authority plants while denying such access to T.W.U.

On August 30, 1961 the Board filed its Decision and issued an Order in the un-

**354**

fair labor practice case (132 NLRB 127). Rejecting Consolidated Edison's defense of accretion, the Board found that Consolidated Edison had violated Section 8 (a) (2) and (1) of the National Labor Relations Act and ordered Consolidated Edison to cease and desist from unlawfully assisting and contributing support to U.W.U.A. or recognizing the latter as representative of the former Transit Authority employees until U.W.U.A. had won a Board-conducted election. Consolidated Edison has filed a petition in the Court of Appeals for the Second Circuit to review and set aside this Order.

On the same day it determined the unfair labor practice proceedings, the Board rendered its decision in the consolidated representative cases. The Board found that Consolidated Edison's acquisition of the Transit Authority plants did not constitute an accretion to the unit represented by U.W.U.A. and dismissed Consolidated Edison's application for Clarification of the Certification in Case No. 2–R–5938. The Board also found that the production and maintenance employees regularly assigned in the three former Transit Authority power plants constituted a readily identifiable and separable unit appropriate for collective bargaining within the meaning of Section 9(b) of the Act and ordered a secret representative election be held (with U.W. U.A. and T.W.U. on the ballot) among all the operation and maintenance employees regularly assigned to work in the three power plants, excluding office clerical and administrative employees, guards and supervisors as defined in the Act. The date of this election was left to the discretion of the Board and as of the time of this application for a preliminary injunction, notice of the time and place of the election has not been given.

On September 25, 1961, Consolidated Edison filed with the Board a motion which sought reconsideration of the Board's Decision and Order of Election, reopening of the hearing for taking evidence of new facts alleged to be substantial and material, and deferral of the election. On December 8, 1961, the Board rendered a Supplemental Decision (134 NLRB 106), denying the relief sought on the ground that the proffered new facts did not destroy the identifiability of a unit of the three former Transit Authority plants or otherwise affect the Board's prior determination that such separate units must be recognized.

And, now, in support of the ultimate relief sought and of a preliminary injunction, Consolidated Edison contends that the Board's Order of Election is arbitrary and without foundation in fact and in law; that it is an arbitrary and discriminatory refusal to follow its long established policies; that it exceeds the authority and avoids the duty imposed upon the Board by the Act and is violative of express provisions of Section 9 and of the purpose and policy of the Act as set forth in Section 1.

Consolidated Edison further contends that, unless the Board is restrained and enjoined, it will suffer immediate and irreparable injury in that the holding of this election will disrupt the normal operation of the facilities of the three plants involved and the structure, functioning and operation of its entire business, and subvert the present existing stable labor relations which it enjoys. It is also contended that the relief sought, if granted, will in no way adversely affect the Board or the interests of the employees of the three plants.

The primary question presented is whether this Court may grant injunctive relief of any type in this suit. If the Court may not, then the complaint must be dismissed.

■■ This Court is given jurisdiction to entertain this suit by Section 1337 of Title 28 U.S.C.[1]; but it is, in the first instance, a grant of a mere naked jurisdiction, supporting only examination of the complaint to ascertain whether independent judicial interference with a representative adjudication and order of

1. Empresa Hondurena de Vapores v. McLeod, 300 F.2d 222 (2d Cir., 1962.)

the Board is justified. Congress, through the exercise of its commerce power, has placed initial determination of a representative matter arising out of Section 9 of the Act within the discretion of the Board with only a grant of ultimate judicial review by the Court of Appeals as prescribed by Section 9(d) and 10(e) (f) of the Act. Thus, generally, the District Court is without power to enjoin directions of the Board with regard to such representative matters.[2] A purpose and intention of Congress to confer upon the District Court the power to interfere with a representation determination and order of the Board through the medium of a separate and independent judicially filed suit has been found but it has been limited to three narrow categories; namely: (1) where the plaintiff advanced a claim, not transparently frivolous, that the failure of the Court to enjoin would result in a denial of rights guaranteed by the Constitution;[3] (2) where the Board's action was clearly violative of a specific command of the Act and an adequate remedy of review was not available to plaintiff;[4] and (3) when the action of the Board exceeded its jurisdiction in the field of foreign affairs.[5]

The allegations of the complaint and the undisputed facts do not bring this suit within any of the above three categories as exceptions to the general rule enunciated in Fitzgerald v. Douds, supra, and thus this failure precludes the granting of both the temporary as well as the permanent relief sought.

Although there is a general allegation that the action of the Board constituted a violation of the express provisions of Section 9 of the Act and of the stated purpose and policy of the Act as set forth in Section 1, such a nebulous and declaratory assertion is not sufficient to justify the Court's interference with the Board's action. Leedom v. Kyne, supra, clearly requires a showing of a plain violation of a specific and mandatory provision of the Act. The plaintiff has failed to sustain this burden by the allegations in its complaint. The very most which can be said of the complaint is that it alleges that the evidence and facts disclosed on the entire record before the Board is insufficient to support a finding that the three power plants involved in the suit are separable units and are not an accretion to the existing overall operations of Consolidated Edison. The sufficiency of the record to sustain the findings made to support the order directing the election may not be examined or questioned by a suit in this Court. Ample, and the sole, remedy available to the plaintiff under the allegations of the complaint lies in an appeal to the Court of Appeals under Sections 9(d) and 10(e) (f) of the Act.

Plaintiff's motion for a temporary injunction is denied; defendant's motion is granted and the Clerk is directed to enter judgment herein dismissing the complaint. So ordered.

2. Fitzgerald v. Douds, 167 F.2d 714 (2d Cir., 1948).

3. Fay v. Douds, 172 F.2d 720 (2d Cir., 1949).

4. Leedom v. Kyne, 101 U.S.App.D.C. 398, 249 F.2d 490 (D.C.Cir.1957), affd. 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

5. Empresa Hondurena de Vapores v. McLeod, supra.