Edward ROBINSON, as President of Security & Protective Employees Union, Local 238, Building Service Employees International Union, AFL–CIO, Plaintiff,

v.

Ivan C. McLEOD, as Regional Director, National Labor Relations Board, Second Region, William J. Burns, International Detective Agency, Inc., John J. Gannon, as President of International Union of Police and Protection Employees-IWA, and International Guards and Watchmen's Union (Ind.), Defendants.

United States District Court
S. D. New York.

Jan. 8, 1963.

**112**

Benenson & Israelson, New York City, for plaintiff.

Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, and Samuel Kaynard, Regional Attorney, National Labor Relations Board, Region 2, New York City, for defendant Ivan C. McLeod.

Goldwater & Flynn, New York City, for defendant William J. Burns International Detective Agency, Inc.

Wilfred L. Davis, New York City, for defendant John J. Gannon.

Scolari & Wolf, New York City, for defendant International Guards and Watchmen's union (Ind.).

MacMAHON, District Judge.

Plaintiff, invoking jurisdiction under 28 U.S.C. § 1337, brings this action to set aside a Certification of Representative made by the Regional Director of the National Labor Relations Board (the Board) and for a permanent injunction enjoining the William J. Burns International Detective Agency, Inc. (the Employer) and the International Union of Police and Protection Employees-IWA (the Union) from entering into any collective bargaining negotiations or agreement.

Plaintiff now moves for an order enjoining any such negotiations or bargaining between the Employer and the Union *pendente lite.* Contending that the court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted, the Board cross-moves for dismissal of the complaint, or, in the alternative, for summary judgment.

The facts are as follows:

On April 5, 1961, the Independent Union of Plant Protection Employees (the Independent), with international headquarters in Boston, Massachusetts, filed a petition with the Board for a representative election among the New York City employees of the Employer (Case No. 2–RC–11296). That petition was dismissed by the Board on November 17, 1961 on the ground that, under the Board's contract rules, it was barred by a then existing collective bargaining agreement between plaintiff and the Employer.

Thereafter, in January of 1962, three former officers of the Independent established the Union, which was subsequently chartered by the Independent Watchmen's Association on February 1, 1962. Commencing in that same month, the Union, through the former officers of the Independent, engaged in an organizational campaign in behalf of the Union among the New York City employees of the Employer. On February 21, they circularized a letter on the stationery of the Independent requesting the employees to sign certain designation cards which

were enclosed with post-paid return envelopes addressed to the Union's New York office. The enclosed designation cards were imprinted with the same pale blue shield and the identical initials (I.U. P.P.E.) used by the Independent. The body of each card consisted, in part, of a statement to the effect that the person executing it desired to become a member of the I.U.P.P.E. and authorized such union to petition for a Board election.

On March 17, 1962, the Union applied to the Board for a representative election among the New York City employees of the Employer, alleging that a substantial number of them wanted to be represented by the Union. Hearings were held before an Examiner between April 24 and May 31, 1962. Plaintiff, the then existing representative of the employees, intervened. At the hearings, plaintiff requested that the evidence of employee interest submitted by the Union in support of its petition[1] be ruled unacceptable and the petition be dismissed on the ground that such evidence was obtained by fraud. Plaintiff claimed that the letter of February 21, soliciting evidence of employee interest in the form of designation cards, contained material misrepresentations. These misrepresentations were assertedly to the effect that the Independent was merging with the Independent Watchmen's Association, that the officers of the Independent were organizing for and seeking pledge cards on behalf of the Independent, and that the Independent, and not the Union, was preparing to file a petition for a representative election. Plaintiff further contended that these fraudulent misstatements were enhanced by the unauthorized use of the Independent's stationery in the solicitation of February 21, the usurpation of the Independent's shield and initials on the designation cards accompanying the solicitation, and the Union's use of three former officers of the Independent to spearhead its organizational drive.

Plaintiff concluded that, as a result, the employees were deliberately and fraudulently misled to believe that they were designating, joining and authorizing a petition, not by the Union, but by the Independent. Plaintiff also contended that because of the fraud, the Union never validly acquired the status of a labor organization since the employees involved did not knowingly participate therein as required by Section 2(5) of the National Labor Relations Act.

On September 5, 1962, the Board rendered its decision on the representative application of the Union (Decision and Direction of Election in Case No. 2–RC– 11954). The Board rejected both plaintiff's request that the petition be dismissed on the ground of fraudulent obtainment of employee interest evidence, and its contention that the Union was not a labor organization within the meaning of the Act. Although the Board had little doubt that the Union purposely used tactics calculated to confuse, it was of the view that the statutory scheme did not warrant, in the circumstances of the case, denial of the Board's machinery to the Union. It, therefore, ordered an election to determine the organization, if any, which the New York City employees of the Employer wanted as their collective bargaining representative.

Accordingly, an election was conducted among the employees, and the Union won. Thereafter, on October 11, 1962, the Regional Director issued the Certification, under attack here, designating the Union as the exclusive bargaining agent for such employees.

Plaintiff now contends that the failure of the Board to find that the evidence of employee interest submitted by the Union was null and void, that the Union was not a labor organization, and that the plaintiff and the employees were, under the circumstances of this case, deprived of the right to have their representative

---

[1]. Section 101.18(a) of the Rules and Regulations of the Board requires that a representative election be accompanied by a showing that at least 30% of the employees involved have designated the petitioner as their collective bargaining representative.

chosen by a majority of the employees involved, was arbitrary and contrary to the Rules and Regulations of the Board, Section 101.18(a), and to express provisions of the Act, Sections 9(c) (1) (A), 2(5) and 9(a), and that as a result plaintiff and the majority of the employees have been deprived of due process of law.

Plaintiff further contends that unless the temporary injunction is granted, it will suffer irreparable and immediate harm in that the Employer and the Union presumedly will enter or have entered into collective bargaining negotiations with the result that the employees involved will be represented therein by an agent not truly chosen by the majority.

The primary question presented by both motions before us is whether the court has jurisdiction to set aside the certification in issue. If it does not, then the complaint must be dismissed in its entirety whether or not we agree with the Board's determination.

Congress, through the exercise of its commerce power, has placed the initial determination of representative matters arising out of Section 9 of the Act within the discretion of the Board and has limited judicial review to the Court of Appeals, and then, only where the representative determination is drawn into question by a petition for the enforcement or review of a final order arising from a proceeding under Section 10 of the Act. Thus, generally, the district court is without jurisdiction to interfere with a representative direction or certification of the Board.[2]

A congressional purpose and intent to confer collateral jurisdiction upon the district court over representative determinations of the Board has been found but has been limited to three narrow categories, namely, (1) where the plaintiff advances a claim, not transparently frivolous, that the Board's action

has resulted in a denial of a constitutional protection;[3] (2) where the Board's action clearly violates a specific and mandatory provision of the Act,[4] and (3) where the action of the Board exceeds its jurisdiction in the field of foreign affairs.[5]

Although the complaint alleges that the certification of the Board was violative of express provisions of the Act, in that it deprived the majority of the employees within the bargaining unit of the right to truly select their bargaining agent and in that it was based on a finding that the Union was a labor organization and was further violative of the Rules and Regulations of the Board in that it was supported by a finding that the Union's evidence of employee interest was valid, such assertions are not sufficient to give this court jurisdiction to interfere with the Board's determination and certification.

Section 2(5) of the Act defines the term "labor organization" to include "any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." The all but inclusive language of this section and the cases in which the courts have been called upon under Section 10 of the Act to review "labor organization" determinations of the Board indicate that whether a particular entity is a labor organization essentially poses a question within the wide area of determinations which depend on the Board's expertise and discretion. Consequently, we cannot say that the Board's resolution of that question in this case clearly violated any specific and mandatory provision of the Act so as to give this court

2. Fitzgerald v. Douds, 167 F.2d 714 (2 Cir., 1948).

3. Fay v. Douds, 172 F.2d 720 (2 Cir., 1949).

4. Leedom v. Kyne, 101 U.S.App.D.C. 398, 249 F.2d 490 (1957), aff'd, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

5. Empresa Hondurena de Vapores, S.A. v. McLeod, 300 F.2d 222 (2 Cir., 1962).

jurisdiction to set aside the Board's certification.[6] Indeed, this court would be without jurisdiction even if it could be said that the Board's characterization in this case was erroneous as a matter of law and would be overturned in an appeal under the judicial review provisions of Section 10 of the Act.[7]

The Board's showing of interest procedure, which calls for evidence of substantial employee support for a representative petition, does not find its source in any express language of the Act. Rather, it is an internal administrative policy established by the Board solely for the purpose of enabling it to eliminate representative petitions with little or no prospect of success. It has been held for this reason that the showing of interest requirement is non-jurisdictional and not subject to challenge by the parties.[8] It is clear, therefore, that an erroneous application of this policy cannot constitute a violation of any specific command of the Act so as to vest this court with jurisdiction.

Plaintiff's allegation that the Board's certification prevented majority choice of a bargaining agent fares no better in furnishing this court with jurisdiction over the Board's action. This allegation has its basis in the plaintiff's contention that in ordering the election the Board erroneously relied on fraudulent evidence of employee interest. Even if, in this case, the Board did rely on such improperly obtained evidence, the employee's freedom of choice was still preserved in the election. It is undisputed that the Union's full name and affiliation appeared on the ballot, that the employees in the bargaining unit received adequate notice of the election, and that the majority of those who voted chose the Union as their collective bargaining representative. In the last analysis, it is the election which best decides the substantive issue of whether one organization or another actually represents a majority of the employees in an appropriate unit. Once that election has been held, evidence of employee interest, the purpose of which is merely to indicate probability of elective success, becomes immaterial.

Nor do we perceive any constitutional issue in this case. As noted above, the best that the complaint properly alleges is an abuse of the Board's discretion or an erroneous application of an internal administrative policy. If the Board, in the instant case, exercised its discretion or administrative policy unwisely, or even unreasonably, this raises no constitutional issue.[9] Likewise, the possibility that the plaintiff Union will not have any remedy if the complaint is dismissed is made constitutionally immaterial by the fact that this case does not come within the narrow jurisdictional exceptions which have been etched out by the courts up to this time.[10]

---

6. Local 1545, United Brotherhood of Carpenters, etc. v. Vincent, 286 F.2d 127 (2 Cir., 1960); International Ass'n of Tool Craftsmen v. Leedom, 107 U.S.App. D.C. 268, 276 F.2d 514, cert. denied, 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 46 (1960); Leedom v. Norwich, Conn. Printing Specialties & Paper Products Union, etc., 107 U.S.App.D.C. 170, 275 F.2d 628, cert. denied, 362 U.S. 969, 80 S.Ct. 955, 4 L.Ed.2d 900 (1960); National Biscuit Division v. Leedom, 105 U.S.App. D.C. 117, 265 F.2d 101, cert. denied, 359 U.S. 1011, 79 S.Ct. 1151, 3 L.Ed.2d 1037 (1959).

7. International Ass'n of Tool Craftsmen v. Leedom, supra; Leedom v. Norwich, Conn. Printing Specialties & Paper Products Union, supra.

8. National Labor Relations Board v. National Truck Rental Co., 99 U.S.App.D.C. 259, 239 F.2d 422 (1956), cert. denied, 352 U.S. 1016, 77 S.Ct. 561, 1 L.Ed.2d 547 (1957); Kearney & Trecker Corp. v. National Labor Relations Board, 209 F.2d 782 (7 Cir., 1953), cert. denied, 348 U.S. 824, 75 S.Ct. 38, 99 L.Ed. 649 (1954); National Labor Relations Board v. White Construction & Engineering Co., 204 F. 2d 950 (5 Cir., 1953); National Labor Relations Board v. J. I. Case Co., 201 F.2d 597 (9 Cir., 1953).

9. McLeod v. Local 476, United Brotherhood of Indus. Wkrs., 288 F.2d 198 (2 Cir., 1961); Local 1545, United Brotherhood of Carpenters, etc. v. Vincent, supra.

10. Local 1545, United Brotherhood of Carpenters, etc. v. Vincent, supra.

In summary, then, as the allegations of the complaint, properly interpreted, and the undisputed facts fail to show either a clear violation of a statutory command or a colorable deprivation of a constitutional right, this court is without jurisdiction over the subject matter of this suit which fact necessitates dismissal of the complaint.

Accordingly, plaintiff's motion for a temporary injunction is denied. Defendant's motion is granted, and the Clerk is directed to enter judgment herein dismissing the complaint. So ordered.