315 F.2d 48
 114 U.S.App.D.C. 302
 Jack T. COX, Individually and as an Officer, Member and
Representative of Orange Belt District Council of Painters
No. 48, an Unincorporated Association; Orange Belt District
Council of Painters No. 48, an Unincorporated Association, Appellants,
v.
Frank W. McCULLOCH, Boyd Leedom, Philip Ray Rogers, John H.
Fanning, Gerald A. Brown, as Members of the
National Labor Relations Board, Appellees.
 No. 16868.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 15, 1962.
Decided Jan. 24, 1963, Petition for Rehearing Denied March 19, 1963.
 
 Mr. Herbert M. Ansell, Los Angeles. Cal., of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Mr. Herbert S. Thatcher, Washington, D.C., was on the brief, for appellants. Mr. James F. Carroll, Washington, D.C., also entered an appearance for appellants.
 Mr. James C. Paras, Attorney, National Labor Relations Board, with whom Messrs. Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, and Marcel Mallet-prevost, Asst. General Counsel, National Labor Relations Board, were on the brief, for appellee.
 Before WASHINGTON, DANAHER and WRIGHT, Circuit Judges.
 WRIGHT, Circuit Judge.
 
 
 1
 Appellant seeks to enjoin certification[1] of District 50, United Mine Workers, winner in a representation contest with appellant and a third union, as bargaining representative of the employees of Calhoun Drywall Company. In the election District 50 received five votes, the third union received three votes, and appellant received none. The basis for this challenge is that District 50 is not a 'labor organization' as defined in Section 2(5)[2] of the Act because its members do not participate in the election of its officers. The record before the Board indicates that the officers of District 50 are simply appointed by the national headquarters of the United Mine Workers, there having been no election in at least eight years.
 
 
 2
 Appellant claims that election of officers is the bare minimum 'participation' required and that, therefore, certification of District 50 is in 'plain contravention' of a statutory requirement, vesting jurisdiction in the District Court under 28 U.S.C. 1337. See Leedom v. Kyne, 101 U.S.App.D.C. 398, 249 F.2d 490 (1957), affirmed, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).[3] The Board asserts that admission of employees to membership satisfies the statutory requirement of 'participation.'
 
 
 3
 This case raises the important question of the responsibility of the Board with respect to the internal affairs of unions.[4] Since an unsuccessful union in a certification proceeding before the Board has no adequate remedy by review,[5] and it appearing that certification of an organization as bargaining agent which is not a 'labor organization' would be in direct contravention of the Act, the jurisdiction of the District Court in a Leedom v. Kyne type of action should be determined. Unfortunately, this case does not provide the proper vehicle since the issue was presented to the Board only three days before the election in a motion for rehearing. The Board denied the motion without opinion. Consequently, we are unaware of the basis of the Board action. Since appellant here failed properly to raise this issue before the Board, his independent suit in the District Court lacks equity. We therefore decline to exercise jurisdiction for this reason.[6]
 
 
 4
 Affirmed.
 
 
 5
 WASHINGTON, Circuit Judge, concurs in the result.
 
 
 
 [1]
 49 Stat. 453 as amended, 29 U.S.C. 159
 
 
 [2]
 Section 2(5) reads: 'The term 'labor organization' means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.' 49 Stat. 450 as amended, 29 U.S.C. 152(5)
 
 
 [3]
 See also Leedom v. Fitch Sanitarium, Inc., 111 U.S.App.D.C. 55, 294 F.2d 251 (1961); McLeod v. Local 476, United Brotherhood of Indus. Wkrs., 2 Cir., 288 F.2d 198 (1961); Local 1545, United Bro. of Carpenters, etc. v. Vincent, 2 Cir., 286 F.2d 127 (1960); Department & Specialty Store Emp. Union v. Brown, 9 Cir., 284 F.2d 619 (1960). cert. denied, 366 U.S. 934, 81 S.Ct. 1659, 6 L.Ed.2d 846 (1961); Atlas Life Insurance Company v. Leedom, 109 U.S.App.D.C. 97, 284 F.2d 231 (1960); Leedom v. International Brotherhood of Elec. Wkrs., 107 U.S.App.D.C. 357, 278 F.2d 237 (1960); International Ass'n of Tool Craftsmen v. Leedom, 107 U.S.App.D.C. 268, 276 F.2d 514 (1960), cert. denied, 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 46 (1960); Leedom v. Norwich, Conn. Print. Special. & P.P. Union, 107 U.S.App.D.C. 170, 275 F.2d 628 (1960), cert. denied, 362 U.S. 969, 80 S.Ct. 955, 4 L.Ed.2d 900 (1960); National Biscuit Division v. Leedom, 105 U.S.App.D.C. 117, 265 F.2d 101 (1959), cert. denied, 359 U.S. 1011, 79 S.Ct. 1151, 3 L.Ed.2d 1037 (1959); Consolidated Edison Company of New York v. McLeod, S.D.N.Y., 202 F.Supp. 351, affirmed, 2 Cir., 302 F.2d 354 (1962). Cf. Empresa Hondurena de Vapores, S. A. v. McLeod, 2 Cir., 300 F.2d 222 (1962), cert. granted, 370 U.S. 915, 82 S.Ct. 1553, 8 L.Ed.2d 496 (1962); Navajo Tribe v. N.L.R.B., 109 U.S.App.D.C. 378, 288 F.2d 162 (1961), cert. denied, 366 U.S. 928, 81 S.Ct. 1649, 6 L.Ed.2d 387 (1961)
 
 
 [4]
 Compare the language of the definition as enacted with H.R. 3020, 7(b), 80th Cong., 1st Sess., which would have guaranteed mambers the right 'to have the affairs of the organization conducted in a manner that is fair to its members and in conformity with the free will of a majority of the members.' 1 Legislative History of the Labor Management Relations Act, 1947, p. 50. See also the standards of union democracy, and the methods of enforcement, found in the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. 401 et seq. There are, of course, other indications pro and con too numerous to discuss here
 
 
 [5]
 See Leedom v. Kyne, Supra, 101 U.S.App.D.C. at 400, 249 F.2d at 492; Deering Milliken, Inc. v. Johnston, 4 Cir., 295 F.2d 856 (1961); Cox, The Major Labor Decisions of the Supreme Court, October Term 1958, reprinted in Gellhorn and Byse, Administrative Law: Cases and Comments (1960 Ed.), p. 441; The Supreme Court, 1958 Term, 73 Harv.L.Rev. 84, 220; 61 Stat. 158, 29 U.S.C. 187
 
 
 [6]
 This is not to indicate that the Board may, in the future, avoid challenge by refusal to explore the issue of employee participation where properly raised