**SHERIDAN SILVER COMPANY, Inc. and Wilson Specialties Company, Inc., Plaintiffs**

**v.**

**Bernard L. ALPERT, as Director Region Number 1, National Labor Relations Board, Defendant.**

**Civ. A. No. 59-916-S.**

United States District Court
D. Massachusetts.

Dec. 15, 1959.

Frank L. Kozol, Leon Birnbaum, Friedman, Atherton, Sisson & Kozol, Boston, Mass., for plaintiff.

James C. Paras, Washington, D. C., for defendant.

SWEENEY, Chief Judge.

This action came on to be heard pursuant to the issuance of a temporary restraining order.

There has now been filed a motion by the defendant to dismiss the petition for lack of jurisdiction. Since there have been no allegations that the complainants have been denied any constitutional rights by the action of the defendant, Fay v. Douds, 2 Cir., 1949, 172 F.2d 720; Worthington Pump and Machinery Corp. v. Douds, D.C.S.D.N.Y. 1951, 97 F.Supp. 656, or that the defendant overstepped the bounds of his statutory authority, Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, this court cannot exercise its general equity jurisdiction under 28 U.S.C. § 1337. Plaintiffs also rely on Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009; but it has been generally recognized that this statute also does not confer jurisdiction on the district courts to review representation proceedings. Connecticut Light and Power Co. v. Leedom, D.C.D.C.1959, 174 F.Supp. 171.

The defendant's motion to dismiss the complaint for lack of jurisdiction is therefore allowed.