**MY BREAD BAKING COMPANY,**
**Plaintiff**

v.

**Bernard ALPERT, Regional Director,**
**First Region, National Labor Relations Board, Defendant \*.**
**Civ. A. No. 60–830.**

United States District Court
D. Massachusetts.
March 16, 1961.

---

\* 20th Century Bakers Union of New Bedford v. Alpert, Civ. A. No. 60–831, decided the same day, involved identical issues and an identical disposition.

L. Sheldon Daly, Edwin J. J. Dwyer, Boston, Mass., for plaintiff.

Stuart Rothman, General Counsel, Dominick L. Manoli, Asst. General Counsel, National Labor Relations Board, Washington, D. C., for defendant.

JULIAN, District Judge.

This cause [1] came on to be heard December 6, 1960. After the hearing, with both parties represented by counsel, the Court finds the following facts to be undisputed. On July 5, 1960, the American Bakery and Confectionary Workers International Union (International) filed with the defendant regional director a petition for certification of representatives of the employees of the plaintiff. The plaintiff at that time had a collective bargaining agreement with the 20th Century Bakers Union (20th Century) which by its terms was not due to expire until August 23, 1961. The defendant in a letter to International dated July 15, 1960, stated that he had dismissed the petition. On July 22, 1960, International filed a request for review of the defendant's dismissal with the National Labor Relations Board (Board). The defendant, meanwhile, had withdrawn his dismissal of International's petition, stating in his letter to International, dated July 22, 1960, that he was taking this step "in order that the question of representation may be further investigated." The defendant then issued a "Notice of Representation Hearing" for August 1, 1960. The "Representation Hearing" was actually held on August 12 at which time the plaintiff moved to dismiss International's petition on two grounds, (1) that the Board's rules and regulations did not establish any procedure whereby the defendant could withdraw his dismissal, and (2) that the Board's "contract-bar" rule prevented the holding of an election at that time. These motions were made part of the hearing record and referred to the Board for its ruling. The Board, after reviewing the record, issued its decision and direction of election on September 26, 1960. The Board found in effect that the "contract-bar" rule did not operate as a bar to International's petition and that the defendant's withdrawal of his prior dismissal was within the defendant's authority. On October 20, 1960, the Board denied the plaintiff's request for a review dated October 3, 1960.

■■ Under the circumstances neither the defendant in withdrawing his dismissal and then issuing an order of notice, nor the Board in approving such action, violated any statutory or constitutional provision. Further, neither the defendant nor the Board violated any statutory or constitutional provision in finding that the existing contract between the plaintiff and 20th Century did not bar International's petition. As the plaintiff has not set forth facts which entitled him to the relief requested, it is

Ordered that plaintiff's motion for a preliminary injunction be, and it is hereby, denied.

---

1. Plaintiff's petition to enjoin the defendant regional director from conducting an election as ordered by the decision and direction of election of the National Labor Relations Board dated September 26, 1960.