**LOCAL 25, INTERNATIONAL BROTH-ERHOOD OF TEAMSTERS, CHAUF-FEURS, WAREHOUSEMEN AND HELPERS OF AMERICA**

v.

**Robert E. GREENE, Acting Regional Director, First Region, National Labor Relations Board.**

Civ. A. No. 61-623-J.

United States District Court
D. Massachusetts.

Aug. 16, 1961.

———◆———

Stephen J. D'Arcy, Jr., Boston, Mass., for plaintiff.

James C. Paras, N. L. R. B., Harold M. Kowal, Washington, D. C., for defendant.

CAFFREY, District Judge.

This matter came before the Court upon an order issued on August 11, 1961 requiring respondent to show cause why a preliminary injunction should not be issued restraining the holding of an election presently scheduled for August 18, 1961 in a representation case before the National Labor Relations Board, and upon respondent's motion to dismiss the complaint. The facts which gave rise to this litigation were summarized as follows in respondent's memorandum of law filed in support of the motion to dismiss. This statement of facts was not challenged by counsel for petitioner at the oral argument of this matter.

Facts: On June 23, 1961, plaintiff was certified by the Board as the representative of a bargaining unit consisting of truckdrivers, helpers and warehousemen employed by Crown Transportation Co. (hereinafter referred to as Transport), which was then engaged primarily in the trucking business. Shortly thereafter, Transport and plaintiff union entered into a collective bargaining agreement which expired, by its terms, on April 10, 1961. In October 1960, Frederick Khouri, the principal stockholder and officer of Transport, formed Crown Distributors, Inc. (hereinafter referred to as Distributors) for the purpose of warehousing prior to shipment, and warehousemen were hired to conduct this operation.

In April 1961, Transport's employees went out on strike. Subsequently Transport was forced to abandon its trucking operation with the attendant discharge of its truckdriver employees because its principal customer no longer desired its services as a trucker.

On May 15, 1961, Distributors filed a representation petition with the defendant seeking an election comprising all its full-time and part-time warehouse employees. At a hearing held on this petition on May 25, 1961, plaintiff contended that the unit should consist of truckdrivers, helpers and warehousemen employed by both Transport and Distributors. On July 19, 1961, the Board issued a decision directing that an election be held among all the full-time and regular part-time employees of Transport and Distributors, on the basis of its determination "that Transport and Distributors constitute a single employer under

the Act and that their employees belong in the same unit. However, we find that the truckdrivers whom the Union would include in the unit have been terminated. In view thereof, and as no further hiring of drivers is contemplated, we shall not provide for the inclusion of truckdrivers in the unit." The Board's decision, as is its practice, directs that the election be held "as early as possible but not later than 30 days from" the issuing date— July 19, 1961. Pursuant to the Board's instruction, the defendant has scheduled the election for August 18, 1961.

On June 1, 1961, plaintiff union filed an unfair labor practice charge alleging that Distributors and Transport had violated Section 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1, 3), by discharging the 11 truckdrivers formerly employed by Transport and by otherwise interfering with the statutory rights of these employees. Following an investigation of the charge, the Regional Director entered into a settlement agreement with Transport and Distributors with respect to the alleged violation of Section 8(a) (1). This agreement requires the posting of a Notice for a 60 day period which states that the employer "Will Not solicit employees to return to work on condition they reject Local 25, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America." At the same time the Regional Director dismissed that portion of the charge alleging that the 11 named employees had been discriminatorily discharged in violation of Section 8(a) (3) of the Act because the investigation established that plaintiff union's claim was without merit. Thereupon, plaintiff appealed the Regional Director's approval of the settlement agreement and his refusal to issue a complaint as to the alleged discriminatees to the General Counsel of the Board in Washington, D. C. On August 1, 1961, the General Counsel upheld the Regional Director's action on the ground that "under all the circumstances herein disclosed, the settlement agree-

ment * *· * provided an adequate remedy for the alleged 8(a) (1) violation" and "insufficient basis existed for a finding that the individuals named in the charge had been discriminated against respecting their tenure of employment."

The motion to dismiss sets forth three separate grounds for the allowance thereof. I do not reach the second and third grounds for the reason that I believe Ground No. 1 "This Court is without jurisdiction of the subject matter of the action" is a correct statement of the law applicable to this controversy.

It is generally recognized that a United States District Court does not have jurisdiction to entertain an action of the instant type unless the petitioner can bring itself within one or the other of two well-recognized exceptions. Fitzgerald v. Douds, 2 Cir., 1948, 167 F.2d 714. The first exception is that described in the opinion of the Court of Appeals for the Second Circuit in Fay v. Douds, 2 Cir., 1949, 172 F.2d 720, in which there was involved a claim of denial of constitutional rights. No such claim is involved in the instant case.

The second exception was first announced by the Court of Appeals for the District of Columbia in Leedom v. Kyne, 1957, 101 U.S.App.D.C. 398, 249 F.2d 490, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, and deals with situations in which the allegation is made that the National Labor Relations Board has violated a specific mandate of the statute. No such violation is involved in the instant case.

For decisions in this District to the same effect, see: My Bread Baking Company v. Alpert, 197 F.Supp. 668, 47 LRRM 2840, decided March 16, 1961 (D. Mass., No. 60–830–J in the files of this Court, Julian J.); 20th Century Bakers v. Alpert, 47 LRRM 2840, decided March 16, 1961 (D.Mass. No. 60–831–J in the files of this Court, Julian, J.)*; Sheridan Silver Company v. Alpert, 197 F. Supp. 228, 45 LRRM 2308, decided De-

* See My Bread Baking Company v. Alpert, 197 F.Supp. 668.

cember 15, 1959 (D.Mass., No. 59–916–S, in the files of this Court, Sweeney, Ch. J.).

The motion to dismiss for lack of jurisdiction is allowed.