**BOYLES GALVANIZING COMPANY OF COLORADO, Appellant,**

v.

**Clyde F. WAERS, Regional Director, Seventeenth Region, The National Labor Relations Board, Appellees.**

**No. 6673.**

United States Court of Appeals
Tenth Circuit.

June 6, 1961.

William E. Shade and Ira C. Rothgerber, Jr., of Rothgerber, Appel & Powers, Denver, Colo., for appellant.

Richard J. Scupi, Attorney N.L.R.B., Washington, D. C. (Stuart Rothman, General Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Provost, Asst. Gen. Counsel, and James C. Paras, Attorney, National Labor Relations Board, Washington, D. C., and Francis Sperandeo, Denver, Colo., on the brief), for appellees.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and SAVAGE, District Judge.

PICKETT, Circuit Judge.

In this case the plaintiff, a Colorado manufacturer, seeks to enjoin the Re-

gional Director of the National Labor Relations Board from conducting a representation election among its employees. The election was ordered by the Board pursuant to Section 9 of the National Labor Relations Act. 29 U.S.C.A. § 159. In substance, the complaint alleges that the Board assumed jurisdiction over plaintiff's business operations contrary to its own established jurisdictional standards. The Order of Election contains the following statement:

"The Employer is a corporation located at Denver, Colorado, where it is engaged in galvanizing metals for customer trade. At the hearing, it declined to stipulate that it was engaged in commerce within the meaning of the Act. The record shows that, during the first 10 months of its current fiscal year, the Employer's sales to customers located in Colorado exceeded $100,000. Direct out-of-State purchases amounted to $25,000, while direct out-of-State sales totalled $5,400. No evidence was produced at the hearing to indicate to what extent the Employer's customers in Colorado made sales to points located outside the State. However, the record also shows that the Employer was involved in a previous proceeding before the Board (See Boyles Galvanizing Company of Colorado, 121 NLRB 1373, issued on October 15, 1958) in which the Board asserted jurisdiction over the Employer on the ground that it made sales in excess of $100,000 to customers in Colorado which in turn made out-of-State sales in excess of $50,000. As the record fails to disclose that the business operations of the Employer or its Colorado customers have changed since our previous decision, we find that the Employer is engaged in commerce and that it will effectuate the policies of the Act to assert jurisdiction over it."

It is urged that the Board's assertion of jurisdiction over the plaintiff's business, wholly upon the assumption that its volume of business was the same as in a previous proceeding before the Board, was an unconstitutional and discriminatory application of the statute which could be enjoined. The trial court dismissed the action upon the ground that it lacked jurisdiction over the subject matter since the plaintiff had an adequate statutory method of obtaining a judicial review of the Board's action.

■■ Representation proceedings under Section 9, as a general rule, are not reviewable except as an incident of enforcement proceedings in the Court of Appeals. Pittsburgh Plate Glass Co. v. N. L. R. B., 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251; N. L. R. B. v. Falk Corp., 308 U.S. 453, 60 S.Ct. 307, 84 L.Ed. 396; A. F. L. v. N. L. R. B., 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; Leedom v. International Brotherhood of Electrical Workers, 107 U.S.App.D.C. 357, 278 F. 2d 237; Leedom v. Norwich, Conn. Printing Union, 107 U.S.App.D.C. 170, 275 F.2d 628, certiorari denied 362 U.S. 969, 80 S.Ct. 955, 4 L.Ed.2d 900. See generally, Annotation, 1945, 158 A.L.R. 1339. It is also well established that unless the Board engages in some unlawful action by departure from statutory requirements, or those of due process, a federal district court does not have jurisdiction in an action brought to contest National Labor Relations Board decisions in Section 9 representation proceedings. Department and Specialty Store Employees' Union v. Brown, 9 Cir., 284 F.2d 619, 624; Leedom v. International Brotherhood of Electrical Workers, supra; Leedom v. Norwich, Conn. Printing Union, supra; National Biscuit Division (Biscuit, Bakery and Confectionery Workers' International Union of America) v. Leedom, 105 U.S.App.D.C. 117, 265 F.2d 101, certiorari denied 359 U.S. 1011, 79 S.Ct. 1151, 3 L.Ed.2d 1037; De Pratter v. Farmer, 98 U.S.App.D.C. 74, 232 F.2d 74; Volney Felt Mills, Inc. v. Le Bus, 5 Cir., 196 F.2d 497. Cf. Inland Empire District Council, Lumber and Sawmill Workers Union v. Millis, 325 U.S. 697, 65

S.Ct. 1316, 89 L.Ed. 1877. The foregoing rules are in accord with the legislative history of the Act. Congress, on two separate occasions, rejected proposed legislation permitting a review of the Board's action in Section 9 proceedings.[1] 79 Cong.Rec. 7658 (1935); H.R.Rep. No. 1147, 74th Cong., 1st Sess. 23 (1935); 93 Cong.Rec. 6444 (1947); H.R.Conf. Rep. No. 510, 80th Cong., 1st Sess. 56–57 (1947).

■ While it must be recognized that the unequal application of the provisions of a valid statute may, under some circumstances, constitute an unlawful discrimination,[2] this is not that kind of case. The calling of an election was not beyond the statutory power and authority of the Board.[3] Section 9 of the Act specifically provides that the Board shall direct elections for the determination of who shall be the exclusive bargaining representative of employees in an appropriate unit. The reliance of the Board upon its prior determination that plaintiff's operations were within the Board's own self-imposed jurisdictional limitations, if erroneous, is subject to review under Section 10 of the Act, 29 U.S.C.A. § 160. Therefore, no substantial question of due process is presented, and the rationale of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, cannot be extended to apply to the factual situation here. Cf. Local 1545, United Brotherhood of Carpenters and Joiners of America v. Vincent, 2 Cir., 286 F.2d 127.

Affirmed.

1. When the Senate was considering the Taft-Hartley Act, Senator Taft reported the action of the conference committee as follows:

" 'Subsection 9(d) of the conference agreement conforms to the Senate amendment. The House bill contained a provision which would have permitted judicial review of certifications even before the entry of an unfair labor practice order. In receding on their insistence on this portion, the House yielded to the view of the Senate conferees that such provision would permit dilatory tactics in representation proceedings.' "

2. N. L. R. B. v. Gene Compton's Corp., 9 Cir., 262 F.2d 653; N. L. R. B. v. National Gas Co., 8 Cir., 215 F.2d 160.

3. In Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 184, 3 L.Ed.2d 210, the Court upheld the jurisdiction of the District Court to "strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." It was said, "Plainly, this was an attempted exercise of power that had been specifically withheld."