**BOARD OF TRUSTEES OF the MEMORIAL HOSPITAL OF FREMONT COUNTY, WYOMING d/b/a Bishop Randall Hospital, and Lutheran Hospitals and Homes Society of America, Plaintiffs-Appellees,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant-Appellant.**

No. 75–1585.

United States Court of Appeals, Tenth Circuit.

Sept. 10, 1975.

William A. Smith, Lander, Wyo., for plaintiff-appellee Board of Trustees of the Memorial Hospital of Fremont County, Wyoming.

Willis S. Ryza, Chicago, Ill., for plaintiff-appellee Lutheran Hospital and Homes Society of America.

John C. Miller, Acting Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Abigail Cooley, Asst. Gen. Counsel for Special Litigation, John G. Elligers, Atty., Washington, D. C., and W. Bruce Gillis, Jr., Denver, Colo., for defendant-appellant N. L. R. B.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court enjoined a representation election ordered by the National Labor Relations Board on the ground that the employer was exempt from coverage by the National Labor Relations Act. The Board has appealed and moved both for a stay and for summary reversal. We granted the stay and the employer has moved for several forms of relief. We reverse and remand the case with directions to dismiss because we are convinced that the district court had no jurisdiction.

The Randall Memorial Hospital at Lander, Wyoming, is a publicly owned facility operated by Lutheran Hospitals and Homes Society of America, a North Dakota corporation, under a lease made by the Board of Trustees of the Memorial Hospital of Fremont County. Wyoming Visiting Nurses' Association, Inc., filed with Board a petition for a representation election under § 9(c) of the Act, 29 U.S.C. § 159(c). With one member dissenting, a panel of the Board ordered an election. 217 NLRB No. 185.

In the Board proceedings Bishop Randall Hospital is named as the employer. The Board decision treats the Lutheran Hospitals and Homes Society as the employer and says that in the proceedings before the Hearing Examiner the employer [Society] acknowledged that it "is an organization engaged in interstate commerce to such a degree that it would meet the jurisdictional standards of the National Labor Relations Act were it found to be an employer in this case." After reviewing the facts, the Board concluded that:

"* * * Society operates the Hospital as an essentially private venture, with insufficient identity with or relationship to the State of Wyoming to support the conclusion that the Hospital is an exempt governmental employer under the Act."

The appellees have objected to our order staying the district court injunction. We granted the stay because there is an "insuperable objection to the maintenance of the suit in point of jurisdiction." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 52, 58 S.Ct. 459, 464, 82 L.Ed. 638.

The district court held that it had jurisdiction under 28 U.S.C. § 1337 because the action arose under an act of Congress regulating commerce. A general statute does not confer jurisdiction when an applicable regulatory statute precludes it. *United Electrical Contrac-*

tors  *Association v. Ordman,* S.D.N.Y., 258 F.Supp. 758, 762–763, and cases there cited. To attain the objectives of the Act, Congress created the Board and established special procedures. In so doing, Congress acted within its constitutional power. *Amalgamated Utility Workers (C.I.O.) v. Consolidated Edison Co. of New York,* 309 U.S. 261, 264, 60 S.Ct. 561, 84 L.Ed. 738.

The National Labor Relations Act empowers the Board to determine and certify collective bargaining representatives of employees. § 9(b) and (c), 29 U.S.C. § 159(b) and (c). Failure to bargain with employees' representative is an unfair labor practice. § 8(a)(5), 29 U.S.C. § 158(a)(5). The Board may petition the court of appeals for enforcement of its orders, § 10(e), 29 U.S.C. § 160(e), and a person aggrieved by a Board order may have it reviewed in the court of appeals. § 10(f), 29 U.S.C. § 160(f).

We have held, *Boyles Galvanizing Company of Colorado v. Waers,* 10 Cir., 291 F.2d 791, 792, that:

> "Representation proceedings under Section 9, as a general rule, are not reviewable except as an incident of enforcement proceedings in the Court of Appeals."

An exception to the general rule is claimed here because the Board erroneously concluded that § 2(2), 29 U.S.C. § 152(2), did not exempt the employer. *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, is said to support district court jurisdiction. In that case the Board had acted contrary to the express provisions of § 9(b) relating to the inclusion of professional employees in a bargaining unit. An association of the professional employees sued in district court to enjoin the election and claimed that the Board had acted in excess of its powers and to the injury of the rights of the professionals, see 358 U.S. 187, 79 S.Ct. 180. In upholding the grant of injunction the Court pointed out that the

Board did not contest the claim that it had acted in excess of its powers and injured the rights of the professionals. Ibid.

The limited scope of *Kyne* was emphasized in *Boire v. Greyhound Corporation,* 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849, where the Court reversed a grant of injunction against a representation election. In so doing, the Court said, 376 U.S. at 481, 84 S.Ct. at 899:

> "The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law."

The Court again stressed the narrow effect of *Kyne* in *Brotherhood of Railway & Steamship Clerks v. Association for Benefit of Non-contract Employees,* 380 U.S. 650, 659, 85 S.Ct. 1192, 14 L.Ed.2d 133.

*National Labor Relations Board v. Natural Gas Utility District of Hawkins County, Tennessee,* 402 U.S. 600, 91 S.Ct. 1746, 29 L.Ed.2d 206, has no bearing on the jurisdictional issue. That case grew out of an unfair labor practice proceeding, Ibid. at 602, 91 S.Ct. 1746. Accordingly, jurisdiction existed under the principles which we stated in *Boyles Galvanizing Company,* 291 F.2d at 792.

The Board acted within its delegated power in certifying the bargaining representative. If the election results in the rejection of that representative, the case is mooted. If the representative is approved and employer wishes to pursue the claim of § 2(2) exemption, it may decline to bargain. The Board can then determine whether such refusal is an unfair labor practice and the action then taken may be reviewed in the court of appeals either in an enforcement proceeding brought by the Board or on a

petition for review brought by an aggrieved party.

 The legislative history of the Act shows that Congress did not intend to permit judicial review of certification proceedings before the entry of an unfair labor practice order. See review of legislative history in dissenting opinion of Justice Brennan in *Kyne*, 358 U.S. at 193–194, 79 S.Ct. 180. The objective of the Act to prevent industrial strife and to promote industrial peace through collective bargaining is frustrated if every time an aggrieved person asserts an error of law in Board proceedings, he may seek injunctive relief in the federal district court. Prompt resolution of representation and certification questions is essential.

 The Board has statutory power to approve a bargaining unit and to order an election. This is not a case like *Kyne* where the approval of the bargaining representative violated a specific statutory provision. The claim here is that the Board erred in applying the law to the facts. *Boire* holds, 376 U.S. at 481–482, 84 S.Ct. 894, that in such situation review is limited to the courts of appeals under the procedures permitted by the Act.

In *Boyles Galvanizing Company* the claim was that the employer was not within Act coverage because it was not engaged in interstate commerce. 291 F.2d at 792. Here the claim is that the employer is not within the Act coverage because of the § 2(2) exemption. We said in *Boyles Galvanizing Company* that *Kyne* cannot be extended to apply to the factual situation there presented. 291 F.2d at 793. Likewise, it may not be extended to control the instant case.

We express no opinion on the merits. The various motions seeking relief from the stay order are severally denied. The Board's motion for summary reversal is granted. The judgment is reversed and the case is remanded with directions to dismiss the action.