The MIAMI HERALD PUBLISHING COMPANY, Plaintiff,

v.

Harold A. BOIRE, Regional Director, Twelfth Region, National Labor Relations Board, Defendant.

No. 4458–Civ.–T.

United States District Court
S. D. Florida,
Tampa Division.

Sept. 28, 1962.

D. P. S. Paul, Miami, Fla., for plaintiff.

Martin Sacks, Tampa, Fla., and Marcel Mallet-Prevost, Washington, D. C., for defendant.

Allan Milledge, Miami, Fla., for petitioning intervenor.

YOUNG, District Judge.

In this case the Plaintiff, The Miami Herald Publishing Company, filed its Complaint against Harold A. Boire, as Regional Director, Twelfth Region, National Labor Relations Board, seeking to enjoin a representation election by certain employees of the Plaintiff. The Complaint alleged that the Defendant acted in willful violation of the provisions of the National Labor Relations Act by providing in its Decision and Direction of Election and Notice of Election that employees of the Plaintiff engaged in an economic strike which commenced not more than twelve months prior to the day of election would be eligible to vote without the Board having previously promulgated relevant regulations as con-

templated by Title 29 U.S.C.A. § 159(c) (3), which provides:

"(3) No election shall be directed in any bargaining unit or any subdivision within which in the preceding twelve-month period, a valid election shall have been held. Employees engaged in an economic strike who are not entitled to reinstatement shall be eligible to vote under such regulations as the Board shall find are consistent with the purposes and provisions of this subchapter in any election conducted within twelve months after the commencement of the strike. In any election where none of the choices on the ballot receives a majority, a run-off shall be conducted, the ballot providing for a selection between the two choices receiving the largest and second largest number of valid votes cast in the election."

Plaintiff also complained that when it sought review by the National Labor Relations Board of the Regional Director's Decision and Direction of Election, the Board denied Plaintiff's request for review and that such denial was not valid because it was made by only one member of the Board instead of at least three members, as required by Title 29 U.S. C.A. § 153(b).

The Complaint was filed in this case on July 24, 1962, and came on for hearing before this Court at eleven o'clock A. M., July 25, 1962; the election, which was and is the subject of the controversy herein, was scheduled for 3:00 o'clock P. M. that day, July 25. This Court ordered that the election proceed as scheduled but impounded the ballots pending final determination of this action. By its Order of August 6, 1962, this Court determined that, based on the allegations of the Complaint, it had jurisdiction of the subject matter under Title 28 U.S.C. § 1337.*

Prior to a hearing on the merits, the following Order was issued on August 22, 1962, by the National Labor Relations Board in Case No. 12–RC–1471, being the case before that Board wherein The Miami Herald Publishing Company had sought a review of the Decision and Direction of Election of the Regional Director:

"UNITED STATES OF AMERICA
BEFORE THE NATIONAL
LABOR RELATIONS BOARD
THE MIAMI HERALD PUBLISH-
ING CO.
　　　　　Employer
　　　　　and
LOCAL NO. 46, MIAMI NEWS-
PAPER PRINTING PRESSMEN'S
UNION, AFL–CIO
　　　　　Petitioner
　　　　　　Case No. 12–RC–1471
　　　　　　ORDER

On June 29, 1962, the Regional Director for the Twelfth Region issued a Decision and Direction of Election in the above-entitled proceeding. Thereafter, the Employer filed a timely request for review of such Decision and Direction of Election. On July 20, 1962, the Board

---

* In the August 6, 1962, Order this Court stated:

" * * * It is settled law that District Courts do not have jurisdiction to 'review' determinations of the Board in representation proceedings; however, where the case is based upon an 'unlawful action of the Board' as distinguished from a 'review' of its decisions, the District Court is empowered to enjoin such unlawful action. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210; Greyhound Corporation v. Boire, Regional Director, Twelfth Region, National Labor Relations Board, D.C., 205 F. Supp. 686 (1962); Consolidated Edison Co. of New York v. McLeod, D.C., 202 F.Supp. 351 (1962).

"It is the opinion of this Court that the allegations sufficiently set forth a claim that the Board's action was clearly violative of a specific demand of the Act so as to invoke jurisdiction of this Court under Section 1337 of Title 28, United States Code. This determination is limited solely to the issue of jurisdiction as raised by the allegations of the Complaint. This Court at this time in no way passes upon the merits of the Plaintiff's claim which must await further hearing * * *."

by telegraphic order denied the request for review. Subsequent thereto, on July 24, 1962, the Employer instituted an action in the U. S. District Court, Southern District of Florida, Tampa Division, seeking to enjoin the Regional Director from conducting an election pursuant to his Decision and Direction of Election.[1] On July 25, 1962, the Regional Director conducted the election and impounded all the ballots cast therein.

We have decided, upon our own motion, to reconsider our order denying the Employer's request for review hereinbefore filed.

Accordingly, it is ordered that our order issued July 20, 1962, denying the Employer's request for review of the Regional Director's Decision and Direction of Election be, and it hereby is, vacated. It is further ordered that such request for review be, and it hereby is, granted. In the circumstances, it is ordered that the election held pursuant to the Regional Director's Decision and Direction of Election be, and it hereby is, set aside.

Dated, Washington, D. C.

AUG 22, 1962

| | |
|---|---|
| Frank W. McCulloch | Chairman |
| Philip Ray Rodgers | Member |
| Boyd Leedom, | Member |
| John H. Fanning, | Member |

NATIONAL LABOR RELATIONS BOARD

(SEAL)

"1. The Miami Herald Publishing Co. v. Boyer et al., No. 4458–Civ.–T."

■ On August 24, 1962, the Defendant filed a Motion to postpone the hearing on the merits of Plaintiff's Complaint citing as grounds therefor the above-quoted August 22 Order of the Board. A hearing on said Motion was held at which time it developed that the position of the Plaintiff was that the Board's Order of August 22, 1962, was invalid and without force and effect because the Board had lost jurisdiction of the matter; and that, therefore, this case should proceed as though the Board had never issued its Order of August 22. Defendant's position was that the Board's Order of August 22 granted Plaintiff the relief sought in this controversy, so that there remains no controversy before this Court and this action should be dismissed. Local No. 46, Miami Newspaper Printing Pressmen's Union, AFL–CIO, although denied leave to intervene in this cause, was granted the right to attend and participate at all hearings and to file briefs as amicus curiae; the Union, through its counsel, took the same position as the Plaintiff concerning the alleged invalidity of the Board's Order of August 22, 1962.

This Court took under advisement the questions raised at said hearing and has considered briefs from the Plaintiff, the Defendant and Local No. 46, as amicus curiae. After full deliberation, this Court is of the opinion that the Defendant's position is correct and that the Board's Order of August 22, 1962, renders this case, at this time, moot. It seems contradictory that Plaintiff should contend, on the one hand, that the Board's denial of its petition for review was illegal and ask this Court to so find, and yet, on the other hand, argue that the Board, acting through four members, could not reconsider the very action which Plaintiff contends was invalid.

■ Since the Board has, for reasons of its own, set aside the election and will reconsider the prior Order denying the review, it is unnecessary for this Court to pursue further the question as to whether or not it should set aside the Board's first Order denying Plaintiff's request for review. As for the Decision and Direction of Election being invalid as not complying with the requirements of the National Labor Relations Act, as above stated, since this matter is now returned to the Board, the Plaintiff has not yet exhausted its administrative remedies on this subject so that this Court cannot at this time properly assume jurisdiction of the matter.

564

WHEREFORE, this Court finds:

1. That the Complaint as amended should be dismissed without prejudice, and

2. That the impounded ballots now held in the custody of the Clerk of this Court, Miami Division, in the Federal Building, Miami, Florida, should be delivered to the Defendant seventy (70) days after the entry of Final Judgment herein, unless within said time a notice of appeal has been filed in this cause; if such notice of appeal is filed, then the Clerk shall continue to hold said ballots until final determination of the appeal. If this Court is affirmed, the ballots shall be delivered to the Defendant within fifteen (15) days after such affirmance.