**SOUTHERN PACIFIC COMPANY,**
Plaintiff,

v.

**NATIONAL MEDIATION BOARD et al.,**
Defendants.

Civ. A. No. 2771–63.

United States District Court
District of Columbia.

Nov. 21, 1963.

Jeremiah C. Waterman, Washington, D. C., and William R. Denton, San Francisco, Cal., for plaintiff.

**952**

Joseph M. Hannon and Arnold T. Aikens, Asst. U. S. Attys., for the District of Columbia, for defendants.

HOLTZOFF, District Judge.

This is an action to enjoin the National Mediation Board from taking jurisdiction of a dispute, conducting hearings thereon, and rendering a decision. The matter is before the Court at this time on the plaintiff's motion for a preliminary injunction.

The plaintiff is a railroad company that is involved in certain disputes with the Order of Railroad Telegraphers, which represents a group of plaintiff's employees. These disputes arise over the meaning and the application in specific instances of provisions of an agreement between the plaintiff and the union governing working conditions and cognate matters. The labor union submitted these matters to the National Mediation Board for decision. Subsequently, the plaintiff railroad submitted the same matters to the National Railroad Adjustment Board. Both Boards were created under the provisions of the Railway Labor Act, 45 U.S.C. §§ 153, 154, 155.

The plaintiff seeks to enjoin the Mediation Board from taking jurisdiction of the dispute. The plaintiff has filed objections before the Mediation Board to its jurisdiction. The matter has been set for a hearing before the Board, which has not as yet passed upon its own jurisdiction.

■ The statutes involved are to some extent somewhat overlapping. It has been held time and time again that the functions of the National Mediation Board are restricted to major disputes, while the National Railroad Adjustment Board hears minor disputes. It is natural that occasionally doubts might arise as to whether a particular controversy should be classified as a major or minor dispute. There is a further provision found in Section 155, paragraph second, vesting in the National Mediation Board jurisdiction over controversies arising over the meaning or the application of any agreement reached through mediation. Counsel for the plaintiff urges that the broad language of this provision should be restricted so as to be limited solely to major disputes, as otherwise there would be a contradiction with the general principle that the National Mediation Board has jurisdiction only over major disputes.

■■ The Court is of the opinion that the present application is premature. The Court is not going to assume that the National Mediation Board will not reach a correct decision as to its own jurisdiction. There is a general principle of law governing judicial review of decisions of administrative boards and commissions that ordinarily the courts will not interfere with the conduct of a proceeding before an administrative agency but will await, before reviewing the decision of the agency, until the agency concludes its hearings and renders a final decision. Otherwise, courts might be constantly stepping in and disrupting proceedings and hearings before administrative agencies.

■■ The Court assumes, of course, that the National Mediation Board will hear and determine the objections to its jurisdiction before proceeding with hearing and determining the merits of the dispute and that if it finds that it has no jurisdiction it will stop at that point. If, however, it finds that it does have jurisdiction, it would have the authority to proceed with a hearing and reach a decision. Whether that decision would be subject to judicial review under the principles of Leedom v. Kyne,[1] is a matter concerning which this Court should not express an opinion at this time because it would be premature to do so.

Accordingly, the Court will deny the motion for a preliminary injunction, with leave, however, to renew the motion if the Board fails or declines to make a rul-

1. 101 U.S.App.D.C. 398, 249 F.2d 490, affirmed 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210.

ing on the question of its own jurisdiction before proceeding to the merits.

A transcript of this oral decision will constitute the findings of fact and conclusions of law. Counsel may submit an appropriate order.