**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, Plaintiff,**

v.

**BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, Defendant.**

Civ. A. No. 2305–65.

United States District Court
District of Columbia.

Sept. 30, 1965.

Herbert S. Thatcher, Washington, D. C., for plaintiff.

James L. Highsaw, Jr., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action brought by a labor union against another labor union to require the latter to withdraw a petition that it had filed with the National Medi-ation Board. Both parties move for summary judgment.

The defendant, Brotherhood of Railway and Steamship Clerks, filed a petition with the National Mediation Board under the Railway Labor Act for the purpose of determining a unit of representation in connection with an election to select the bargaining agent for employees of the Railway Express Agency. The plaintiff in this action, International Brotherhood of Teamsters, objected to the granting of the petition, claiming that its mere filing was a violation of an agreement between the two unions. The National Mediation Board, after hearing the matter rendered a decision on the merits.

■ If this action were brought against the National Mediation Board to vacate and set aside its decision, this Court would have no power to act, inasmuch as orders of the National Mediation Board of the type involved here are not subject to judicial review, Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61. Apparently realizing the barrier that would confront it were it to bring suit against the National Mediation Board to secure a direct review of its action, the plaintiff instituted the present action against the rival union, the Brotherhood of Railway and Steamship Clerks, to obtain a mandatory injunction directing the Brotherhood to withdraw the petition that it had previously filed with the National Mediation Board. What this action tries to do is to achieve by indirection what could not be done directly, namely, in effect to secure a review of the order of the National Mediation Board. To direct a withdrawal of the petition would be practically to set aside the order of the National Mediation Board, without even hearing counsel for the Board. In view of these considerations, the Court is of the opinion that this action does not lie.

■ Counsel for the plaintiff relies on a decision of the Seventh Circuit in United Textile Workers of America v. Textile Workers Union of America, 258

F.2d 743. That case, however, was decided under the National Labor Relations Act and involved proceedings before the National Labor Relations Board. The scope of review of administrative actions of the National Labor Relations Board is much broader than the scope of review of the decisions of the National Mediation Board.

The United States District Court for the Southern District of California explicitly refused to follow the Seventh Circuit in the International Union of Doll and Toy Workers v. Metal Polishers, etc. Union, D.C., 180 F.Supp. 280, 285. The Second Circuit, in an opinion written by Judge Medina, Local 33 Int. Hod Carriers, etc. v. Mason Tenders District Council, etc., 291 F.2d 496, 502, 503, expressed agreement with the decision of the United States District Court for the Southern District of California and declined to follow the Seventh Circuit.

The Court is of the opinion that for the reasons already stated, it lacks power to entertain the present action.

Plaintiff's motion for summary judgment is denied and the defendant's cross-motion is granted.