The AKRON & BARBERTON BELT
RAILROAD CO. et al., Plaintiffs,

v.

The BROTHERHOOD OF RAILROAD
TRAINMEN et al., Defendants.
Civ. A. No. 142–66.

United States District Court
District of Columbia.

May 19, 1966.

Francis M. Shea, Richard T. Conway and Ralph J. Moore, Jr., Washington, D. C., for plaintiffs.

Milton Kramer, Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

The present motion is, in effect, an application at the foot of the decree. In the opinion of the Court the relief which the Court will grant may be properly awarded at the foot of the decree, even though the motion itself possibly as originally framed, seeks relief beyond such a scope. The relief requested is in the form of a declaratory adjudication or judgment. The Court is of the opinion that there is a justiciable controversy justifying such a decree.[1]

---

1. The opinions rendered at the close of the trial are reported in D.C., 250 F.Supp. 691 and 252 F.Supp. 207. Prior history of the controversy and of the litigation is

■ The basic question presented to the Court is whether conferences should be held pursuant to Section 6 of the Railway Labor Act on the basis of notices served by the carriers, who are making the present motion, on the defendant brotherhood, and by the latter on the carriers. Some conferences have indeed taken place. The conferences have been abortive. Each side blames the other for the fact that the conferences were frustrated.

The Court is of the opinion that no useful purpose would be served by determining whose fault it was that in any particular instance a bona fide conference on the merits of the dispute has not taken place. The fact remains that the Railway Labor Act, by Section 6 thereof, 45 U.S.C. § 156, contemplates that there should be a full-fledged conference on the merits of a dispute after the service of notices. The Court has previously held that although the notices served prior to the expiration of the effective period of the Award were not nullities, they did not actually become effective until after that time and no steps had to be taken thereunder before that date.

There is a public interest involved and irrespective of who is to blame for the abortive character of the attempts to hold conferences, the Court holds that conferences must be held at this time. It bases its decision on the ruling of the Supreme Court in Virginian Railway Co. v. System Federation No. 40, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789, in which the Supreme Court held that although the courts cannot compel parties to agree, they may and will require them to negotiate under Section 6 of the Railway Labor Act. Naturally, such a conference must be a full-fledged negotiation on the merits of the dispute.

■ There is another branch of this motion and that is an adjudication as to the rights or duties of the Union in respect to the National Mediation Board. The Court is of the opinion that it should not interfere, either directly or indirectly, with the National Mediation Board. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; Southern Pacific Co. v. National Mediation Board, D.C., 223 F.Supp. 951; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Brotherhood of Railway & Steamship Clerks, D.C., 245 F.Supp. 835, which was affirmed by the Court of Appeals on March 22, 1966, 358 F.2d 540.

It cannot be said, however, that the remedies under the Railway Labor Act will have been exhausted until and unless conferences are held pursuant to the notices. The Court reaches the conclusion that the attempts to hold such conferences so far have not complied with the spirit or the letter of the Railway Labor Act. The Court further holds that there can be no resort to self-help on either side until every step—first, conferences, and then the other steps prescribed by the Railway Labor Act—is concluded. In other words, the carriers may not put their notices in effect unilaterally and the employees may not resort to a strike.

As concerns the mediation proceedings, the Court will not interfere with the National Mediation Board. It may well be that the National Mediation Board, in the exercise of its discretion, will postpone further steps until after conferences have been held as indicated in this opinion, but the Court will not interfere di-

---

summarized in Brotherhood of Locomotive Firemen and Enginemen v. Chicago B. & Q. Ry. Co., D.C., 225 F.Supp. 11, affirmed 118 U.S.App.D.C. 100, 331 F.2d 1020. The present application arises in connection with a judgment sustaining the award of Arbitration Board 282, created by Congress, to conduct a compulsory arbitration of nation-wide disputes be-tween Class I railroads and their employees, specifically the controversy concerning the proposed abandonment of the use of firemen on Diesel powered engines in freight and yard service, and the proposed reduction of the size of train crews. The terms of the Award are summarized in 225 F.Supp. 11, supra.

308

rectly or indirectly by any order or adjudication with the activities of the National Mediation Board.

You may submit an appropriate order in conformity with this decision.